## SMITH *v.* McKAY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 83.   Argued December 20, 1895. — Decided March 2, 1896.

When, in a case appealed from a Circuit Court, the record discloses that the defendants below appealed upon the express ground that the court erred in taking jurisdiction of the bill and in not dismissing the bill for want of jurisdiction, and prayed that their appeal should be allowed, and *the question of jurisdiction* be certified to the Supreme Court, and that *said appeal was allowed,* and the certificate further states that there is sent a true copy of so much of the record as is necessary for the determination of the question of jurisdiction, and as part of the record so certified is the opinion of the court below, in accordance with which defendants' motion to dismiss the cause for want of jurisdiction was denied, it sufficiently shows that the appeal was granted solely upon the question of jurisdiction.

When the requisite citizenship of the parties appears, and the subject-matter is such that the Circuit Court is competent to deal with it, the jurisdiction of that court attaches, and whether the court sustains the complainant's prayer for equitable relief, or dismisses the bill with leave to bring an action at law, either is a valid exercise of jurisdiction; and if any error be committed in the exercise of such jurisdiction, it can only be remedied by an appeal to the Circuit Court of Appeals.

IN the Circuit Court of the United States for the District of Massachusetts, Gordon McKay, as trustee for the McKay Sewing Machine Association, *and a citizen of the State of Rhode Island,* filed a bill of complaint against Frank W. Smith and others, citizens of the State of Massachusetts, doing business as copartners in the firm name of Smith, Stoughton & Payne.   The bill was brought upon a lease between said parties, bearing date January 23, 1878, whereby the complainant had granted to the defendants, in consideration of

rent or license fees, the right to use certain sewing machines and other patented devices belonging to the complainant. The bill alleged a failure by the defendants to comply with the terms of the lease, and prayed for a discovery, accounting, payment of rent, and for an injunction restraining the defendants from using the patented machines until they had fully paid the amount found to be due.

The defendants filed an answer responding to various allegations of the bill, and averring that the complainant, so far as he had any just cause of action, had a plain, adequate, and complete remedy at law. Subsequently the defendants filed a special motion to dismiss the bill for the alleged reason that the complainant had a plain, adequate, and complete remedy at law. After argument this motion was denied. The cause was heard upon the pleadings and proofs, and at the May term, 1889, an accounting was awarded, a master was appointed, and, on the coming in of his report, on December 22, 1891, a final decree was rendered that the complainant should recover damages in excess of the sum of five thousand dollars and cost of suit. From this decree an appeal was taken and allowed to this court, and error was assigned to the action of the Circuit Court in taking jurisdiction of the bill and in not dismissing the same for want of jurisdiction.

*Mr. Causten Browne* for appellants. *Mr. Payson Eliot Tucker* and *Mr. Charles Allen Tayber* were on his brief.

*Mr. James J. Myers* for appellee.

Mr. Justice Shiras, after stating the case, delivered the opinion of the court.

The appellants seek to have this court review the action of the Circuit Court in entertaining jurisdiction of a bill in equity in a case in which, as they allege, it appears that the complainant had a plain, adequate and complete remedy at law.

It is contended on the part of the appellee that we should dismiss this appeal, because the question of jurisdiction is not properly certified to this court.

The record discloses that the defendants below appealed upon the express ground that the court erred in taking jurisdiction of the bill and in not dismissing the bill for want of jurisdiction, and prayed that their appeal should be allowed, and *the question of jurisdiction* be certified to the Supreme Court, and that *said appeal was allowed.* The certificate further states that there is sent a true copy of so much of the record as is necessary for the determination of the question of jurisdiction, and as part of the record so certified is the opinion of the court below, in accordance with which defendants' motion to dismiss the cause for want of jurisdiction was denied. It, therefore, appears that the appeal was granted solely upon the question of jurisdiction, and this brings the case within the rulings in *Shields* v. *Coleman,* 157 U. S. 168, and *In re Lehigh Mining Co.,* 156 U. S. 322.

It is further contended by the appellee that this appeal should be dismissed, because there is no right of appeal to this court in such a case as the present one.

The appellants claim that this appeal is within the first class under section five of the Judiciary Act of March 3, 1891, providing that "in any case in which the question of the jurisdiction of the court is in issue, in such case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision."

The position of the appellee is that only questions of Federal jurisdiction can be brought directly here; that if the Circuit Court has jurisdiction of the parties and of the matters in dispute, the fact that it is contended that it has no jurisdiction on its equity side raises no question of jurisdiction within the meaning of the act under which this appeal is taken; and that whether a case has been made out by the plaintiff in equity or at law is not a question that puts in issue the jurisdiction of the court in the sense in which that phrase is used in the Judiciary Act.

The question thus raised has never been directly decided by this court. It did present itself in the case of *World's Columbian Exposition case,* 18 U. S. App. 42. That was a case in which the Circuit Court of the United States for the North-

ern District of Illinois had granted, at the suit of the United States, an injunction against the World's Columbian Exposition, a corporation of the State of Illinois, restraining the defendant from opening the exposition grounds or buildings to the public on Sunday. From this decree an appeal was taken to the Circuit Court of Appeals for the Seventh Circuit, and that court, speaking through Chief Justice Fuller, presiding, stated and disposed of the question as follows:

"The appellees have submitted a motion to dismiss the appeal upon the grounds that the jurisdiction of the Circuit Court was in issue; that the case involved the construction or application of the Constitution of the United States; that the constitutionality of laws of the United States was drawn in question therein; that therefore the appeal from a final decree would lie to the Supreme Court of the United States, and not to this court; and hence that this appeal, which is from an interlocutory order, cannot be maintained under the seventh section of the Judiciary Act of March 3, 1891.

"We do not understand that the power of the Circuit Court to hear and determine the cause was denied, but that the appellants contended that the United States had not, by their bill, made a case properly cognizable in a court of equity. The objection was the want of equity, and not the want of power. The jurisdiction of the Circuit Court was, therefore, not in issue within the intent and meaning of the act."

We regard this as a sound exposition of the law, and, applied to the case now in hand, it demands a dismissal of the appeal, on the ground that the objection was not to the want of power in the Circuit Court to entertain the suit, but to the want of equity in the complainant's bill. The appellants' contention in this respect would require us to entertain an appeal from the Circuit Court in every case in equity, in which the defendant should choose to file a demurrer to the bill on the ground that there was a remedy at law.

When the requisite citizenship of the parties appears, and the subject-matter is such that the Circuit Court is competent to deal with it, the jurisdiction of that court attaches, and whether the court should sustain the complainant's prayer

for equitable relief, or should dismiss the bill with leave to bring an action at law, either would be a valid exercise of jurisdiction. If any error were committed in the exercise of such jurisdiction, it could only be remedied by an appeal to the Circuit Court of Appeals.

The learned counsel for the appellants claims in his brief that the case of *Mississippi Mills* v. *Cohn*, 150 U. S. 202, sustains his present contention.

That was an appeal from the Circuit Court of the United States for the Western District of Louisiana, under the provisions of the act of February 25, 1889, c. 36, 25 Stat. 693. The court below dismissed the complainant's bill in equity on the ground that no relief could be had in equity because, under the practice prescribed by a state law, there was a remedy by an action at law. But this court held that the jurisdiction of Federal courts, sitting as courts of equity, cannot be enlarged or diminished by state legislation, and that hence the Circuit Court had committed error by allowing a state law to overturn the well-settled practice in the Federal court. In the condition of the Federal statutes at that time there was no Circuit Court of Appeals, and the plaintiff's remedy, given him by the act of February 25, 1889, was by appeal to this court. Should such a state of facts again arise the remedy would now be by appeal to the Circuit Court of Appeals.

The appeal from the Circuit Court is accordingly

*Dismissed.*