### In re HARRIS.

#### Petition of WAINHOUSE et al.

(Circuit Court of Appeals, First Circuit. June 10, 1924.)

No. 1683.

Bankruptcy ⬡84—Court empowered to allow amendment to involuntary petition adding another act of bankruptcy occurring within four months of filing of original petition.

Where involuntary petition in bankruptcy was sufficient on its face, in that it stated facts that would have warranted an adjudication, the District Court, while petition was pending and before adjudication, could allow amendment adding another act of bankruptcy occurring within four months of the filing of the original petition, if in its opinion justice would be promoted thereby.

Petition to Revise in Matter of Law the Proceedings of the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

In the matter of Eugene B. Harris, alleged bankrupt. Petition by David W. Wainhouse and others to amend their involuntary petition

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in bankruptcy denied, and they petition to revise order. Order set aside and case remanded.

See, also, 297 Fed. 628.

Maurice Palais, of Boston, Mass. (Grenville S. MacFarland, of Boston, Mass., on the brief), for petitioners.

Frederic G. Bauer, of Boston, Mass. (Fowler, Bauer & Kenney, of Boston, Mass., on the brief), for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a petition to revise in matter of law an order of the federal District Court of Massachusetts denying the motion of the petitioners, three creditors of Eugene B. Harris, an alleged bankrupt, to amend their involuntary petition in bankruptcy against him by adding an act of bankruptcy which occurred within four months of the filing of the petition, but more than four months before their motion to amend was filed, on the ground the court was without authority to allow such amendment.

It appears that on the 20th day of March, 1923, the three creditors filed an involuntary petition in bankruptcy against Harris, which contained the requisite allegations, including acts of bankruptcy, to render the petition sufficient on its face. On June 7, 1923, the petitioning creditors filed a motion to amend their petition by inserting therein the following additional act of bankruptcy:

That said Harris, "on or about the 21st day of November, 1922, while insolvent, conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, a part of his property, to wit, the sum of forty-nine hundred ($4,900.00) dollars, with intent to hinder, delay, or defraud his creditors."

The present petition is opposed by the Boylston National Bank, a creditor of Harris, which brought two actions at law against him in the superior court for Suffolk county, Mass., to recover on certain promissory notes aggregating more than $25,000, and attached his property within four months before the petition in bankruptcy was filed.

The question presented is whether the District Court possessed the power and authority to grant the amendment.

In Canute Steamship Company et al. v. Pittsburgh & West Virginia Coal Company et al., 263 U. S. 244, 44 Sup. Ct. 67, 68 L. Ed. ——, the facts were that in February, 1921, the Pittsburgh & West Virginia Coal Company and two other coal companies filed an involuntary petition in bankruptcy against the Diamond Fuel Company, alleging that it was insolvent, that it had committed an act of bankruptcy within four months prior thereto, and that the petitioners were creditors having provable claims; and in other respects it appeared that the petition was regular and sufficient on its face. In its answer the Fuel Company denied that it was insolvent, or had committed an act of bankruptcy, or that the Pittsburgh Company was its creditor and had a provable claim against it. In September, 1921, more than nine months after the date of the alleged act of bankruptcy, and while the

proceeding was still pending, two other creditors of the Fuel Company, by leave of court, intervened and joined as petitioning creditors in the bankruptcy petition. Eleven days thereafter two creditors of the Fuel Company, by leave of court, intervened in opposition to the petition, claiming they had acquired a lien upon the funds of the Fuel Company by attachment within four months before the filing of the original petition. In the District Court it was found that the two intervening creditors, who had joined in the petition, had valid claims; that the allegations of the petition were sustained by proof; and the Fuel Company was adjudicated a bankrupt. In the Circuit Court of Appeals the order of adjudication was affirmed, on the ground that the intervening creditors supplied the required number, even though it be assumed that the Pittsburgh Company was not a creditor. On appeal to the Supreme Court the opposing creditors contended that, in the absence of a finding that the Pittsburgh Company was a creditor of the Fuel Company, so as to make up the required number of three original petitioners, the petition in bankruptcy could not be sustained, the joinder of the other two intervening creditors occurring more than four months after the commission of the act of bankruptcy; that, as the creditors of the Fuel Company were more than twelve,

"to give the court jurisdiction the petition must be filed by not less than three creditors having provable claims; and that where less than three of the original petitioners are in fact such creditors, the joinder in the petition more than four months after the commission of the act of bankruptcy of intervening creditors having such claims, is in substance an amendment of the original petition, equivalent to the filing of a new petition, which does not validate the original petition ab initio or authorize an adjudication of bankruptcy to be made under it based upon an act of bankruptcy committed more than four months before the requisite number of creditors entitled to maintain it had become petitioners."

It was held, however, that—

"the filing of a petition, *sufficient upon its face*, by three petitioners alleging that they are creditors holding provable claims of the requisite amount, the insolvency of the defendant, and the commission of an act of bankruptcy within the preceding four months, clearly gives the bankruptcy court jurisdiction of the proceeding;" that section 59f, Bankruptcy Act (Comp. St. § 9643), confers upon creditors other than the original petitioners the right at any time, while the petition is pending and before adjudication, to join in the petition; and that by doing so they "acquire the status of petitioning creditors as of the date on which the original petition was filed, and may thereafter avail themselves of its allegations, including those relating to the commission of the act of bankruptcy, as fully as if they had been original petitioners."

The court further says:

"We therefore conclude that, where a petition for involuntary bankruptcy is sufficient on its face, alleging that the three petitioners are creditors holding provable claims and containing all the averments essential to its maintenance, other creditors having provable claims, who intervene in the proceeding and join in the petition at any time during its pendency before an adjudication is made, after as well as before the expiration of four months from the alleged act of bankruptcy, are to be counted at the hearing in determining whether there are three petitioning creditors qualified to maintain the petition, it being immaterial in such case whether the three qualified creditors joined in the petition originally or by intervention."

In the concluding paragraph of its opinion the court states that the question as to the joinder of an intervening creditor in an original petition *insufficient upon its face,* is not involved and is not determined.

By rule XI of the General Orders in Bankruptcy it is provided:

"The court may allow amendments to the petition * * * on application of the petitioner."

In Bank v. Sherman, 101 U. S. 403, 406, 25 L. Ed. 866, a case arising under the Bankruptcy Act of 1867 (14 Stat. 517), the allowance of an amendment, some two months after the filing of the original petition, adding a new act of bankruptcy committed within six months next preceding the time of filing the original petition and on which act of bankruptcy the adjudication was founded, was sustained and given effect as of the filing of the original petition. The court there said:

"The power of amendment is incident to all judicial administration. Its exercise is vital to the ends of justice."

There are many cases in which it has been held that an involuntary petition in bankruptcy sufficient on its face—that is, containing all the averments essential to its maintenance—may be amended, and that the amendment will take effect as of the date of the original petition, provided the amendment does not involve the introduction of a new and different cause of action. But if the original petition is insufficient on its face, the amendment will not relate back to the filing of the original petition, but the amended petition will become effective only as of the date of the filing of the amendment making it sufficient.

It also has been held that where an act of bankruptcy is alleged in a petition, and it is desired to make the allegations with reference to that act more definite, an amendment in that respect may be made, so that the amended petition will take effect as of the time of the filing of the original petition (In re Bieler [C. C. A.] 295 Fed. 78); but that where no specific act of bankruptcy is alleged (Armour & Co. v. Miller [5th Circuit], 209 Fed. 784, 126 C. C. A. 508), or where the pleader has simply used the words of the statute (section 3), without specifying any particular act of bankruptcy (In re Condon [2d Circuit] 209 Fed. 800, 126 C. C. A. 524), and an amendment is allowed after the four months period has elapsed, the petition thus amended will take effect as of the date of the amendment and not as of the date of the original petition. The reason for this is that the petition is insufficient on its face, and, this being so, there is no valid petition by which to amend.

There is a decision in the Second Circuit (In re Haff, 136 Fed. 78, 80, 68 C. C. A. 646), where it appears that the original petition was sufficient on its face, and a motion was made to amend the original petition by adding other and additional acts of bankruptcy to those originally set out; but, as this motion asking for the amendment was made more than four months after the alleged additional acts of bankruptcy occurred, it was held that the motion to amend should be disallowed, but that a petition to intervene, which formed the basis of the motion to amend, might stand as an original petition. In that case the court would seem to have gone out of its way to decide this question.

The intervening petition was a complete one in itself. It set out the same act of bankruptcy alleged in the original petition and other specific acts of bankruptcy, all of which occurred within four months of the filing of the intervening petition, and all but one within four months prior to the original petition, that one being subsequent. If the intervening petition, on the date of its presentation, had been treated as an amendment of the original petition, it would have been within four months of any of the acts of bankruptcy that were charged and this question would not have arisen.

In the Seventh Circuit there appear to be contrary holdings on this question. The decision in In re Brown Commercial Car Co. (7th Circuit) 227 Fed. 387, 142 C. C. A. 83, undoubtedly follows the decision in In re Haff, in the Second circuit, while the decision in Chicago Motor Vehicle Co. v. American Oak Leather Co. (7th Circuit) 141 Fed. 518, 72 C. C. A. 576, looks to a contrary conclusion. In the latter case the petition in bankruptcy was filed October 3, 1903, and it contained allegations of three specific acts of bankruptcy in the nature of preferences committed within four months, while insolvent, with intent to prefer certain creditors, naming them, and it further averred that like preferences were given within such time "to certain of its creditors, whose names are at present unknown to the petitioners." This petition was sufficient on its face, as it contained all the allegations necessary to stating a cause of action, in addition to others that were of a much less definite character. Creditors who had intervened and joined in the petition, on January 10, 1905, were allowed in the District Court to amend by adding other and different preferential acts of bankruptcy from those stated in the original petition, and it was held that the amendment so allowed and made related back and took "effect as of the date of the filing of the original petition." So far as the general and less definite allegations of acts of bankruptcy in the nature of preferences were concerned, the situation did not differ materially from that in In re Condon, 209 Fed. 800, 126 C. C. A. 524, in which the date of the amendment and not the date of the filing of the original petition was held to be the one from which to reckon the four months period. But if the specific allegations of preferential acts stated in the original petition are to be regarded as having made that petition a sufficient one, then the conclusion reached in the Motor Vehicle Company Case is opposed to the Haff Case in the Second circuit, and to In re Brown Commercial Car Co., in the Seventh circuit.

In Walker v. Woodside, 164 Fed. 680, 685, 90 C. C. A. 644 (9th Circuit), there is a dictum approving the decision in In re Haff. But the question considered in the Haff Case was not before the court (see page 685), as none of the grounds of demurrer went to that point.

In the case of In re Bieler (C. C. A. 2d Circuit) 295 Fed. 78, it was held that, although allegations in an involuntary petition averring that the alleged bankrupt had committed acts of bankruptcy in paying sums of money to certain persons, naming them, but failing to allege that the payments were made with intent to hinder, delay, or defraud, were insufficient, as the intent was an essential element in such an act of bankruptcy, nevertheless an amendment supplying the allegation of in-

tent might be allowed if applied for while the cause was still pending before the court, on the ground that it did not set forth a different subject of controversy, but made that more definite which was otherwise insufficient; that an amendment is properly allowed if it is for the same cause of action asserted in the original petition.

In Hark v. Allen Co. (3d Circuit) 146 Fed. 665, 77 C. C. A. 91, the original petition was filed October 21, 1904, and alleged that within four months next preceding the date of the petition the alleged bankrupts had committed acts of bankruptcy, in "that between the 10th and the 15th days of October, 1904, and at other times, they had 'removed * * * and concealed a large portion of their property, consisting of pieces of woolen goods, silks, linens, etc., * * * with intent to hinder, delay, and defraud their creditors.'" August 25, 1905, the petitioning creditors asked leave to amend their petition by adding acts of bankruptcy to the effect that the alleged bankrupts, "'while insolvent, * * * did, between the 1st of September and the 15th of October, 1904, transfer merchandise consisting of ladies' skirts, etc., amounting to $1,500 to Sax Bros., * * * creditors, * * * with intent to prefer,'" etc. They also set out four other acts of preferential transfers of *cash* to creditors, and in like terms. These amendments were allowed, although they were asked for nearly a year after the alleged acts of bankruptcy took place, and about the same length of time after the bankruptcy petition was filed, and their allowance was affirmed.

There are decisions on this question in the various District Courts of the country reaching opposite conclusions, the reasoning in none of which is particularly helpful. See In re Hamrick, 175 Fed. 279; In re Lewis Shoe Co., 235 Fed. 1017.

The main purpose of the Bankruptcy Act is that the assets of an insolvent person, who has committed an act or acts of bankruptcy within four months before the filing of an involuntary petition against him, shall be equally distributed among his creditors. It cannot be that Congress intended that this purpose should be defeated by a resort to technicalities in pleading, and that petitioners, who have set forth in their petition facts constituting a sufficient ground of complaint to warrant an adjudication of bankruptcy, should not be permitted by amendment to add other facts in support of the same general ground of complaint. This is what was done in Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866, under the Bankruptcy Act of 1867. In that case a different act of bankruptcy was added by amendment some two months after the original petition was filed, and was given effect as of the date of the original petition, and it was upon proof in support of that act that the adjudication was based.

The original petition in the case now before us was sufficient on its face in that it stated facts that would warrant an adjudication; and, such being the case, it was within the power of the District Court, while the petition was pending and before adjudication, to allow an amendment adding another act of bankruptcy occurring within four months of the filing of the original petition if, in its opinion, justice would be promoted thereby. The question is analogous to the one be-

fore the court in Canute Steamship Co. v. Pittsburgh & West Virginia Coal Co., supra, and warrants a like disposition. See, also State v. Collins, 68 N. H. 46, 36 Atl. 550.

The order of the District Court is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the petitioners.