**HARNEY SHOES, Inc., v. NATIONAL FABRIC & FINISHING CO. et al.**

**No. 2461.**

Circuit Court of Appeals, First Circuit.

Nov. 8, 1930.

Charles J. Goldman, of Lynn, Mass., for appellant.

Paul D. Turner, of Boston, Mass. (Jean Sisson and Friedman, Atherton, King & Turner, all of Boston, Mass., on the brief), for appellees.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal from an adjudication in bankruptcy.

On May 24, 1929, three creditors filed a petition against the appellant, alleging that for the greater portion of the preceding six months it had had its principal place of business in Stoneham, and that "on or about the first day of April, 1929, and on divers dates subsequent to March 1, 1921 did transfer, while insolvent, a portion or portions of its property, in amounts to your petitioners unknown, to one or more of its creditors, whose names are to your petitioners unknown, with intent to prefer such creditors over its other creditors of the same class."

On June 1, 1929, the respondent appeared specially, and filed a denial of bankruptcy; and on June 3 filed a motion to dismiss, setting up that its usual place of business was Lynn and not Stoneham, and that the petition was insufficient, in that it "does not allege an act committed on any specific date to any specific creditor or any specific amount or character of preference."

Nothing else appears to have been done until, on September 11, the court referred the case, on the question of adjudication, to a referee to ascertain and report facts.

On October 7 the petitioning creditors moved to amend their petition, setting up preferences to named creditors in named amounts in March and April, 1929; and also by naming Lynn instead of Stoneham as the respondent's principal place of business. This motion also alleged:

"And your petitioners further say that they have at all times since the filing of the original petition on May 24, 1929, exercised due diligence in ascertaining the facts as herein set forth, and have done all in their power to proceed in the premises with due dispatch, and that the interests of justice require that this Honorable Court allow the foregoing amendment."

On October 11, 1929, the special master made his first report, setting forth that he had refused to hear evidence on the merits of the case until the court had passed upon the motion, and also dealing with the appellant's principal place of business.

On October 15, 1929, the motion to amend the petition was granted.

On November 3, 1929, the master filed a second report, finding preferences as alleged, and recommending adjudication.

On November 18, 1929, after hearing, the motion to dismiss was denied. Thereupon the respondent undertook to appeal to this court, but the petition for appeal was denied by this court on January 23, 1930.

On February 7, 1930, adjudication followed, and an appeal to this court was allowed on March 6, 1930.

The gist of the appellant's contention is that the court below erred in grounding jurisdiction on the general allegation of preferences, without particulars as to dates, creditors, and kind of property transferred. This contention cannot be sustained.

■ The general allegation of preferences to persons unknown, while insufficient, was amendable, as held by the Court of Appeals in the Second Circuit in Bradley v. Huntington, 277 F. 948. The defect was not jurisdictional. If the respondent had seasonably asked for a hearing on the motion to dismiss, it might perhaps have been granted, but with leave to amend. The amendment was nothing but in the nature of a bill of particulars. It did not set up new and independent acts. Millan v. Exchange Bank of Mannington (C. C. A.) 183 F. 753. All it did was to give greater precision to charges already seasonably made. In re Bieler and Batzer (C. C. A.) 295 F. 78. The case falls within the principle laid down by this court in the Harris Case, 299 F. 395, 400, where Judge Bingham said:

"The main purpose of the Bankruptcy Act [11 USCA] is that the assets of an insolvent person, who has committed an act or acts of bankruptcy within four months before the filing of an involuntary petition against him,

shall be equally distributed among his creditors. It cannot be that Congress intended that this purpose should be defeated by a resort to technicalities in pleading, and that petitioners, who have set forth in their petition facts constituting a sufficient ground of complaint to warrant an adjudication of bankruptcy, should not be permitted by amendment to add other facts in support of the same general ground of complaint."

Compare also In re Hibel Fur Co. v. Strongin (C. C. A.) 33 F.(2d) 30.

The decree of the District Court is affirmed, with costs to the appellees.