**In re BRIDGE INFORMATION SYSTEMS, INC., et. al., Debtors.**

**Dell Receivables, L.P., Movant.**

**No. 01–41593–293.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Nov. 19, 2001.

---

Gregory D. Willard, Bryan Cave, St. Louis, MO, for Debtor.

J. Talbot Sant, Jr., Armstrong Teasdale, LLC, St. Louis, MO, Sabrina L. Streusand, Hughes & Luce, L.L.P., Austin, TX, for Dell Receivables, L.P.

J. Eric Ivester, Samuel S. Ory, Skadden, Arps, Slate, Meagher & Flom, Chicago, IL, Steven Wallace, Carr, Korein, Tillery, Kunin, et al., East St. Louis, IL, for Goldman Sachs Credit Partners L.P.

Michael A. Becker, Helfrey, Simon & Jones, P.C., Clayton, MO, Mark L. Prager, Michael J. Small, Peter E. Pinnow, Foley & Lardner, Chicago, IL, for Official Unsecured Creditors Committee.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

This case is before the Court on the motion of Dell Receivables, L.P. ("Dell") for allowance of a priority administrative claim under 11 U.S.C. § 546(c)(2)(A). Because Dell failed to establish by a preponderance of the evidence that it had the right to reclaim the goods in question under Missouri law, the motion will be denied.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (K), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409(a)

### PROCEDURAL & FACTUAL BACKGROUND

Bridge Information Systems ("Bridge") purchased computer equipment from Dell on credit in January 2001. Bridge received the equipment on various dates between January 22 and February 5, 2001. The aggregate purchase price for the equipment was $72,536.00 and Bridge did not render payment to Dell for the equipment. Dell asserts that is sent a written demand to Bridge to reclaim the goods on February 2, 2001. However, the only evidence produced concerning the date of the demand was a letter dated February 7, 2001.

Several of Bridge's creditors filed an involuntary petition pursuant to 11 U.S.C. § 303 on February 1, 2001 against Bridge for relief under Chapter 11 of the Bankruptcy Code. Bridge subsequently filed a voluntary petition on February 15, 2001 for relief under Chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. § 301. This Court dismissed the involuntary petition on May 30, 2001 as moot in light of Bridge's filing of the voluntary petition.

Dell filed the present motion seeking an order that it is entitled to an administrative claim for the entire unpaid purchase price of the equipment. Dell premises its motion on an argument that its right to

reclaim the equipment under applicable state law is preserved in the bankruptcy and given priority status under 11 U.S.C. § 546(c)(2)(A). The Official Unsecured Creditors' Committee (the "Committee") and Goldman Sachs Creditor Partners L.P. ("Goldman Sachs") have filed objections to Dell's motion. Dell has failed to produce any evidence that its state law right to reclaim the equipment survived Goldman Sachs' blanket security interest in Bridge's assets as provided in the Court's order approving Goldman Sachs' provision of post-petition financing to Bridge (the "DIP Order"). Accordingly, Dell's motion will be denied.

## DISCUSSION

### A. Missouri Law Applies With Respect to Dell's Right to Reclaim the Equipment

■ Section 546(c) generally preserves a seller's state law right under the Uniform Commercial Code to reclaim goods it sold on credit to an insolvent purchaser. *Pester Refining Co. v. Ethyl Corp. (In re Pester Refining Co.)*, 964 F.2d 842, 845 (8th Cir.1992). Thus, as initial matter, the Court must determine which state law applies with respect to Dell's right to reclaim the equipment.

Apparently, Bridge transmitted the order for the equipment from its St. Louis, Missouri office to Dell's office in Austin, Texas. Also, it appears Dell shipped the equipment from its warehouse in Austin to Bridge's facilities in St. Louis. The record does not indicate the location of any negotiations that may have taken place between the parties. Thus, it is conceivable that either Missouri or Texas law could apply.

■ A bankruptcy court will apply the conflict of laws principles of the state in which it sits. *Amtech Lighting Services Co. v. Payless Cashways, Inc. (In re Payless Cashways)*, 203 F.3d 1081, 1084 (8th Cir.2000). Under Missouri law, in the ab-

sence of proof that an alternative state's law differs from Missouri law, the court will presume that the alternative state's law is the same as Missouri's law and will apply Missouri law. *Aman Collection Service, Inc. v. Burgess*, 612 S.W.2d 405, 407 (Mo.Ct.App.1981). Here, because there is no evidence that Missouri law differs from Texas law with respect to a seller's right to reclaim goods sold on credit, Missouri law will apply as to whether Dell has the right to reclaim the equipment.

### B. Dell's Demand to Reclaim the Equipment was Timely under Section 546(c)(1).

■ As outlined above, section 546(c) in general preserves a seller's state law right to reclaim goods. Under Missouri law, a seller may reclaim goods it sells to an insolvent buyer on credit if the seller makes a written demand to the buyer within ten days of the buyer's receipt of the goods. Mo.Rev.Stat. § 400.2–702(2). Section 546(c), however, extends the time in which the seller must make demand to twenty after the debtor receives the goods if the case under the Code is commenced before the expiration of the ten day period. 11 U.S.C. § 546(c)(1)(B).

Here, Bridge received the equipment on various dates between January 22 and February 5 and made its written demand to reclaim the equipment on February 7. An involuntary petition was filed against Bridge on February 1 and Bridge filed its voluntary petition on February 15. The Court dismissed the involuntary petition as moot on May 30.

The Committee contends in its objection to Dell's claim that because the Court eventually dismissed the involuntary petition, the case was commenced on February 15 when Bridge filed its voluntary petition. Accordingly, the Committee asserts that

the extended twenty day limitation under § 546(c)(1)(B) is not applicable and Dell's written reclamation demand sent on February 7 was untimely under Missouri law with respect to any equipment Bridge received before January 26. The Court rejects this argument for two reasons.

First, the Code explicitly states that the filing of an involuntary petition commences the case. 11 U.S.C. § 303(b). The fact that the original involuntary petition is later superseded by a subsequent petition does not render the filing of the original petition inoperative. *Bixby v. First Nat'l Bank of Elwood*, 250 F.2d 713, 718–19 (7th Cir.1957). Rather, provided that the subsequent petition invokes the same substantive issues as the original involuntary petition, the original petition commences the case even if it is later dismissed. *Id.* For example, in *Bixby*, the Seventh Circuit held that the operative date for determination of whether a pre-petition transfer was a fraudulent conveyance was the date of the original involuntary petition when a subsequent petition contained the same factual allegations as the original petition. *Id.*

 A second reason to reject the Committee's argument is that it runs counter to two important policy concerns. First, federal courts adhere to a policy that, absent some overriding concern, disputes should be adjudicated based on the merits rather than technical irregularities. *In re Gale*, 177 B.R. 531, 536 (Bankr. E.D.Mich.1995). Also, bankruptcy courts should examine the realities of a transaction and avoid exalting form over substance when adjusting disputes under the Bankruptcy Code. *Virginia Electric & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir.1997).

Here, the reason why the Court dismissed the involuntary petition is that the voluntary petition raised the exact same substantive issues as the involuntary petition. Also, the involuntary petition was still pending and Bridge had not even filed its voluntary petition when Dell transmitted its written demand to Bridge to reclaim the equipment. Clearly, accepting the Committee's position that the involuntary petition did not commence this case would ignore the reality underlying this bankruptcy case. Under this record, the Court finds that the Committee's argument runs counter both to the plain language of 11 U.S.C. § 303(b) and fundamental public policy. Accordingly, the Court finds that the involuntary petition filed on February 1, 2001 commenced the case and that the twenty day time limitation contained in 11 U.S.C. § 546(c)(1)(B) applies. Thus, Dell's written demand to Bridge to reclaim the equipment was timely under § 546(c)(1)(B).

## C. Dell's State Law Reclamation Right Did Not Survive Goldman Sachs' Lien

As indicated above, section 546(c)(1) preserves a seller's right to reclaim goods under state law and gives the seller priority over the general unsecured creditors. Provided the creditor has a valid state law right to reclaim goods, if the court denies the seller's request to reclaim the goods in question, it must provide the seller with a priority administrative claim under § 503(b) or a lien that secures the value of the reclamation claim. 11 U.S.C. §§ 546(c)(2)(A) and (B); *Griffin Retreading Co. v. Oliver Rubber Co. (In re Griffin Retreading Co.)*, 795 F.2d 676, 679 (8th Cir.1986).

 Here, Dell states in its motion that it is entitled to an administrative priority claim under § 546(c)(2)(A). A party seeking a priority administrative claim has the burden of proving by a preponderance of the evidence that it has the right to such a

claim. *In re Food Barn Stores, Inc.*, 175 B.R. 723, 726 (Bankr.W.D.Mo.1994). Because Dell has failed to produce sufficient evidence that it has a valid right to reclaim the equipment under Missouri law, its motion will be denied.

■ As illustrated above, UCC § 2–702 gives a seller who sells goods to an insolvent buyer the right to reclaim the goods upon written demand to the buyer. Mo. Rev.Stat. § 400.2–702(2). The seller's reclamation rights, however, are subject to the rights of a good faith purchaser or a lien creditor. Mo.Rev.Stat. § 400.2–702(3); *Pester Refining Co. v. Ethyl Corp. (In re Pester Refining)*, 964 F.2d 842, 845 (8th Cir.1992) (interpreting Minnesota's version of UCC § 2–702(3)).

Here, the Court granted Goldman Sachs a blanket priority lien on all of Bridge's assets under 11 U.S.C. § 364(d) in the DIP Order to secure the post-petition credit Goldman Sachs extended to Bridge. Dell concedes that its state law reclamation rights in the equipment are inferior to Goldman Sachs' security interest in the equipment but contends that its state law reclamation right is still valid. The Court rejects that argument.

■ It is true that because the seller's rights are only "subject to" a lienholder's rights, a secured creditor's lien on the goods in question does not necessarily destroy a reclaiming seller's rights under state law. *Pester Refining*, 964 F.2d at 847. However, if the goods are sold, and the proceeds from the sale are insufficient to satisfy the secured party's claim, the seller may not look to other property to satisfy its reclamation rights. *Id.* at 847; *In re Hartz Foods, Inc.*, 264 B.R. 33, 37 (Bankr.D.Minn.2001). Thus, if the goods

subject to reclamation are sold, and the proceeds of the sale are less than the secured party's claim, the seller's state law reclamation rights are destroyed. *Pester Refining*, 964 F.2d at 847. Accordingly, the reclamation seller's rights survive only if the proceeds of the sale of the goods are greater than the secured party's claim.[1] *Id.*

■ In the instant case, Bridge sold the equipment in question, along with a substantial portion of its assets, to Reuters. At the hearing on this motion, the parties seemed to agree that the proceeds from the sale of Bridge's assets would fail to generate sufficient proceeds to pay Goldman Sachs' secured claim in full. Also, Dell produced no evidence that the proceeds from the liquidation of Bridge's assets would exceed Goldman Sachs' secured claim. Accordingly, Dell did not meet its burden of proof in demonstrating that sufficient proceeds remain from the sale of the equipment so that its state law reclamation rights in the equipment survived the sale to Reuters.

■ Even if Dell could demonstrate that Goldman Sachs is oversecured, it still has failed to produce sufficient evidence that its reclamation rights under Missouri law survived the sale of the equipment to Reuters. As outlined above, a seller's right to reclaim goods under Mo.Rev.Stat. § 2–702 only extends to the particular goods it sold to the buyer. *Pester Refining*, 964 F.2d at 847. Thus, its reclamation rights only extends to the goods or its traceable proceeds. *Id.*; *Galey & Lord, Inc. v. Arley Corp. (In re Arlco, Inc.)*, 239 B.R. 261, 277 (Bankr.S.D.N.Y.1999).

■ Here, as indicated above, Bridge sold the equipment to Reuters along with a

---

1. Of course, if the secured creditor releases its security interest in the goods, the reclaiming seller may enforce its rights even if it impairs the secured party's position. *Pester Refining,*

964 F.2d at 847. Here, there is no allegation that Goldman Sachs has released its lien with respect to the equipment.

substantial portion of its assets. Dell has failed to produce any evidence that it can trace the specific proceeds of the sale of the equipment. Accordingly, Dell has not demonstrated that its state law reclamation remedy survived the sale of the equipment to Reuters. Therefore, it is not entitled to a priority claim under 11 U.S.C. § 546(c)(2)(A).

### CONCLUSION

Dell's written demand to Bridge to reclaim the equipment was timely under 11 U.S.C. § 546(c)(1)(B). Dell, however, has failed to demonstrate that the proceeds of the sale of the equipment exceeded Goldman Sachs' secured claim in the equipment. Also, Dell did not produce evidence that it could trace the specific proceeds of the sale of the equipment to Reuters. Thus, Goldman Sachs' security interest in the equipment and Bridge's subsequent sale of the equipment to Reuters eviscerated Dell's reclamation rights under Mo.Rev. Stat. § 400.2–702(3). Therefore, Dell is not entitled to a priority administrative claim under 11 U.S.C. § 546(c)(2)(A).

An Order consistent with this Memorandum Opinion will be entered this date.