In re AFFILIATED OF FLORIDA,
INC., Debtor.

The Quaker Oats Company, Plaintiff,

v.

Affiliated of Florida, Inc., Defendant.

Bankruptcy No. 97–5832–8G1.
Adversary No. 97–904.

United States Bankruptcy Court,
M.D. Florida,
Tamapa Division.

July 7, 1998.

Charles M. Tatelbaum, and Michael C. Markham, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, David M. Neff, and Christy L. Campbell, Jenner & Block, One IBM Plaza, Chicago, IL, for plaintiff.

Scott A. Stichter, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for debtor/defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO COMPLAINT FOR RECLAMATION

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Summary Judgment with Respect to Complaint for Reclamation filed by The Quaker Oats Company (Plaintiffs) and Affiliated of Florida, Inc. (the Debtor). The parties agree that there is no issue as to any material fact, and the parties assert that the only legal issue before the Court is "whether a vendor alleging reclamation rights against inventory secured by liens in excess of the value of the inventory is entitled to alternative relief under § 546(c)(2)."

The Plaintiff commenced this adversary proceeding by filing a Complaint for Reclamation. In the Complaint, the Plaintiff alleged that it had delivered food products to the Debtor on April 4, 1997, and that the Debtor has not remitted payment for the goods. On April 14, 1997, the Debtor filed its petition under chapter 11 of the Bankruptcy Code. On April 15, 1997, the Plaintiff made written demand for reclamation of the products "pursuant to Section 2–702 of the Uniform Commercial Code and applicable state law." The Debtor did not return the goods to the Plaintiff. In the Complaint for Reclamation filed in the chapter 11 case, the Plaintiff requests the entry of an order requiring the Debtor to turn over the goods or, alternatively, granting the Plaintiff an administrative priority claim of $34,016.85 pursuant to § 546(c)(2)(A) or a lien on unencumbered assets of the Debtor in an amount equal to $34,016.85 pursuant to § 546(c)(2)(B) of the Bankruptcy Code.

The Debtor answered the Complaint and asserted, among other defenses, that the Plaintiff's reclamation rights are defeated by the existence of prior perfected security interests in the Debtor's inventory and accounts. Specifically, Congress Financial Corporation (Florida) ("Congress") and National Consumer Cooperative Bank ("NCB") claim perfected liens on the Debtor's inventory and accounts in a total amount which exceeds $19 million. The Debtor contends that the Plaintiff's reclamation rights are defeated by the prior perfected security interests because the rights of a reclaiming seller are subject to the interests of a good faith purchaser, and a creditor with a perfected security interest constitutes a good faith purchaser under § 672.403 of the Florida Statutes.

### I. The statutes.

Section 546(c) of the Bankruptcy Code provides:

**§ 546. Limitations on avoiding powers**

\* \* \*

(c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any

statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods—

(A) before 10 days after receipt of such goods by the debtor; or

(B) if such 10–day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—

(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

(B) secures such claim by a lien.

The section specifies that certain avoidance powers of a trustee are subject to any statutory or common law reclamation rights of a seller who has sold goods to the debtor. The section is intended "to recognize, in part, the validity of section 2–702 of the Uniform Commercial Code." Notes of Committee on the Judiciary, Senate Report No. 95–989.

Section 672.702 of the Florida Statutes, which constitutes Florida's version of § 2–702 of the Uniform Commercial Code, provides:

**672.702. Seller's remedies on discovery of buyer's insolvency**

\* \* \*

(2) Where the seller discovers that the buyer has received goods on credit while insolvent the seller may reclaim the goods upon demand made within 10 days after the receipt, . . .

(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser under the chapter (s.672.403) . . . .

Generally, under subsection (2) a seller may reclaim goods sold to a buyer upon discovery of the buyer's insolvency and demand for reclamation made within ten days of the time that the buyer received the goods.

**II. A secured creditor as a "good faith purchaser."**

The right of reclamation, however, is subject to the rights of a good faith purchaser within the meaning of § 672.403 of the Florida Statutes. It appears well-established that a secured creditor is a "purchaser" for purposes of § 672.403 of the Florida Statutes. The Fifth Circuit Court of Appeals explained this rule in *In re Samuels & Co., Inc.,* 526 F.2d 1238 (5th Cir.1976):

The Code definition of 'purchaser' is broad, and includes not only one taking by sale but also covers persons taking by gift or by voluntary mortgage, pledge or lien. . . . It is therefore broad enough to include an Article Nine secured party. . . . Thus, if C.I.T. holds a valid Article Nine security interest, it is by virtue of that status also a purchaser under § 2.403(a).

*Samuels & Co.,* 526 F.2d at 1242. The Fifth Circuit Court of Appeals was analyzing the Uniform Commercial Code as adopted by Texas. Florida's Uniform Commercial Code contains an equally broad definition of "purchase" in providing that the term "includes taking by sale, discount, negotiation, mortgage, pledge, lien, issue or reissue, gift or any other voluntary transaction creating an interest in property." Fla.Stat. § 671.201(32). Consequently, a secured creditor is a "purchaser" for purposes of § 672.403 of the Florida Statutes.

**III. Right of reclamation as "subject to" perfected security interests.**

As set forth above, § 672.702(3) of the Florida Statutes provides that a seller's

right to reclaim "is *subject to* the rights of a buyer in ordinary course *or other good faith purchaser* under the chapter (s.672.403)." (Emphasis supplied). Consequently, since a secured creditor is a purchaser within the meaning of the statute, a seller's right to reclaim may be subject to a prior perfected security interest, provided only that the creditor acted in good faith.

The Fifth Circuit Court of Appeals determined that "[i]f the Article Nine secured party acted in good faith, it is prior under § 2.403 to an aggrieved seller." *In re Samuels & Co.*, 526 F.2d at 1243. The District Court in Massachusetts reached the same conclusion:

> Furthermore, the holder of a security interest in the buyer's inventory is a purchaser, and a pre-existing claim constitutes value.... Absent a showing of the Banks' bad faith, the Banks, being secured creditors, have a secured interest in the scallops delivered to Gloucestor, even though Gloucestor was insolvent. Although the U.C.C. does not resolve the conflicting interests between a seller of goods to an insolvent buyer and the holder of a security interest in the buyer's after-acquired property, a seller's right of reclamation is inferior to a perfected security interest in the goods arising under an after-acquired property clause....

*Evergreen Marine Corporation v. Six Consignments of Frozen Scallops*, 806 F.Supp. 291, 297 (D.Mass.1992). See also *In re McLouth Steel Corporation*, 22 B.R. 722, 725 (Bankr.E.D.Mich.1982) ("In our view, the better rule is that set forth in Samuels and Bowman: a secured creditor who has an after-acquired interest fits within the definition of purchase under the Uniform Commercial Code and so qualifies as a good faith purchaser under § 2–702(3).")

■ Accordingly, a seller's right of reclamation is "subject to" the interest of a secured creditor with a perfected security interest in the buyer's inventory, including after-acquired inventory, pursuant to § 672.702(3) of the Florida Statutes. In this case, therefore, since the parties have not disputed the existence of the prior perfected lien of Congress, the Plaintiff's right of reclamation is "subject to" the lien of Congress on the Debtor's inventory.

## IV. The alternative remedies under § 546(c)(2).

As set forth above, in its Complaint the Plaintiff requests the entry of an order granting it a lien or an administrative priority claim as alternative relief pursuant to § 546(c)(2) of the Bankruptcy Code. According to the Plaintiff, § 546(c)(2) means that, "if its right of reclamation is impaired by a prior perfected security interest, the Bankruptcy Court can award it either of the alternative remedies provided by § 546(c)(2)." (Motion for Summary Judgment, ¶ 6). In its Memorandum of Law in Support of Motion for Partial Summary Judgment, the Plaintiff states that it "is entitled to an administrative claim in the invoice amount of $34,016.85.".

The Debtor asserts that the Plaintiff does not have a right of reclamation since the debt owed to Congress exceeds the value of the Debtor's inventory. (Joint Motion, ¶ 5). The Debtor contends that the existence of such a right of reclamation is a condition to a seller's entitlement to the alternative remedies under § 546(c)(2).

As set forth above, § 546(c)(2) provides that, once the requirements to establish a right of reclamation are satisfied:

> (2) the court may deny reclamation to a seller *with such a right of reclamation* that has made such a demand only if the court—
>
> > (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or
> >
> > (B) secures such claim by a lien.

(Emphasis supplied). The protections provided under subsection (c)(2) are available to sellers "with such a right of reclamation."

### A. Entitlement to alternative relief.

The first issue, therefore, is (1) whether the existence of a prior perfected security interest eliminates a seller's right of reclamation, so that the statutory condition for entitlement to the alternative relief is not satisfied; or (2) whether the right of reclamation survives the prior perfected lien, even though it exists "subject to" the lien, so that the seller retains "such a right of reclamation" entitling it to consideration for the alternative relief under § 546(c)(2).

The Eighth Circuit Court of Appeals addressed the application of § 546(c)(2) in *In re Pester Refining Company*, 964 F.2d 842 (8th Cir.1992). In *Pester*, a seller sold certain chemicals to Pester within a week before Pester filed its bankruptcy petition, and the seller issued a timely written demand for reclamation of the goods. It appears that the chemicals remained in Pester's possession, but were subject to perfected security interests held by creditors whose secured claims exceeded the value of Pester's assets. *In re Pester*, 964 F.2d at 844. The seller filed a complaint in the bankruptcy court for reclamation under § 546(c). The issue on appeal concerned "a seller's right to reclaim goods from a buyer in bankruptcy when the goods are subject to superior competing claims of the buyer's secured creditors." *Id.* at 844.

The Court first looked to § 2–702(3) of the Uniform Commercial Code, which provides that a seller's right of reclamation is "subject to" the rights of a good faith purchaser.

> Since most secured creditors are good faith purchasers under the UCC, § 84–2–792 has the effect, in priority terms, of placing the reclaiming seller behind the insolvent buyer's secured creditors who have security interests in the goods, but ahead of the buyer's general unsecured creditors.

*Id.* at 845. The Court then turned to § 546(c) of the Bankruptcy Code, which it considered the Code's "response" to the litigation that had arisen under § 2–702 in circumstances in which the buyer filed a bankruptcy petition.

> Section 546(c) recognizes, with some limitations, the seller's state law right to reclaim under § 84–2–702, but also gives the bankruptcy court broad power to substitute a lien or a priority claim for the seller's right to reclaim possession. This remedial discretion allows the court to leave the goods in the debtor's possession to facilitate a Chapter 11 reorganization. It also provides flexibility in enforcing secured creditors' superior rights.

*Id.* at 845. (Footnote omitted).

With this background established, the Court focused on the specific question of whether the seller in *Pester* continued to have a right to reclaim, since the right was "subject to" the claims of the secured creditors with floating security interests in Pester's assets. Pester contended that "the mere presence of secured creditors with superior rights under § 84–2–702(3) extinguished Ethyl's [the seller's] right of reclamation." *Id.* at 845.

The Court concluded that the right was not extinguished by virtue of the existence of creditors with perfected security interests.

> In the UCC context, when the right to reclaim is "subject to" the rights of secured creditors, that means the right is subordinate or inferior to the security interests, not that it is automatically and totally extinguished.

*Id.* at 846. In other words, the term "subject to" in traditional commercial usage simply means that an interest is subordinate to another interest, not that the inferior interest is eliminated. Consequently, since the reclamation right is only subordinate to the rights of the secured creditors, the seller retains an interest in any goods that remain after the secured creditor has been satisfied in full, or in any surplus proceeds that are produced from the goods.

The Court in *Pester* relied on the decision by the Fifth Circuit Court of Appeals in *United States v. Westside Bank,* 732 F.2d 1258 (5th Cir.1984). In that case, the district court had determined that a seller's right of reclamation was extinguished by a foreclosure action, and the Fifth Circuit Court of Appeals reversed the district court's decision on the basis that a reclaiming seller retained a priority interest in any surplus proceeds produced by the goods. *In re Pester,* 964 F.2d at 846.

The Eighth Circuit Court of Appeals, therefore, concluded in *Pester* that the seller's "right to reclaim was not extinguished because Pester had secured creditors with perfected security interests in the chemicals Ethyl sought to reclaim." *Id.* at 846. Instead, where prior perfected security interests encumber the assets of a buyer, a reclaiming seller has a "valid, although subordinated, reclamation right." *In re Coast Trading Co.,* 744 F.2d 686, 692 (9th Cir.1984) (distinguishing *In re Western Farmers Ass'n,* 6 B.R. 432 (Bankr. W.D.Wash.1980)).

In this case, the Court concludes that the Plaintiff's right of reclamation was not extinguished by the existence of the prior perfected security interests of Congress and NCB in the Debtor's inventory. Consequently, the Court also concludes that the Plaintiff is a seller "with such a right of reclamation" within the meaning of § 546(c)(2) of the Bankruptcy Code, and the Court may therefore consider the alternative remedies set forth in that subsection.

## B. Quantifying the alternative relief.

■ In the Motion for Summary Judgment, the parties assert that the "issue before the Court is whether a vendor alleging reclamation rights against inventory secured by liens in excess of the value of the inventory is entitled to alternative relief under § 546(c)(2)." In the parties' respective memoranda in support of the Motion, however, it appears that the parties are requesting the Court to determine not only the Plaintiff's entitlement to or eligibility for the alternative relief, but also to quantify the relief. In the Debtor's Memorandum, the Debtor contends that any right of reclamation held by the Plaintiffs has no value. In the Plaintiff's Memorandum, the Plaintiff contends that "the amount of the administrative claim is determined on the basis of the invoice price of the goods," and that its administrative claim should therefore be awarded in the amount of its invoice.

The Eighth Circuit Court of Appeals addressed the question of valuing a reclamation right in *Pester, supra.* Again, the Court first looked to the Uniform Commercial Code to determine how the right would be valued under state law.

Under the UCC, if an undersecured creditor forecloses on the goods to be reclaimed and uses the entire proceeds to pay down its secured debt, ... the seller's right to reclaim affords it no priority interest in those assets; it is relegated to its unsecured claim for the purchase price..... On the other hand, if the secured creditor releases its security interest in the goods to be reclaimed, the seller may enforce its right to reclaim..... In other words, in the nonbankruptcy context, the secured creditor's decision with respect to its security interest in the goods will determine the value of the seller's right to reclaim.

*In re Pester,* 964 F.2d at 847. Under state law, the value of the seller's right of reclamation is dependent upon whether the prior secured creditor relies on all of the particular goods sold by the seller to satisfy its secured claim.

According to the Court in *Pester,* this rule "must be recognized in determining the value in bankruptcy of a seller's reclamation right that is subject to superior secured creditor interests." *Id.*

[W]hen the secured creditors have satisfied their claims out of the goods to be reclaimed, granting § 546(c)(2) relief

would afford the reclamation seller something it does not have under the UCC—a priority interest in the buyer's assets other than the goods to be reclaimed.... In this situation, the bankruptcy court does not "deny reclamation" in recognizing that the reclamation right no longer has value; therefore, the alternative remedies of § 546(c)(2) do not come into play.

*Id.* at 847. In *Pester*, the Court ultimately found that the secured creditor had released its lien on the goods to be reclaimed and satisfied its claim from unrelated assets, with the result that the seller was entitled to alternative relief under § 546(c)(2) for the full purchase price of the goods. *Id.* at 848.

Where the secured creditor has not released its lien, however, and instead looks to all of the goods sold by the reclaiming creditor to pay its claim, with no surplus, the reclamation right has no value apart from the seller's general unsecured claim for the purchase price. Even though a seller's "subordinate right of reclamation" may exist when the debtor files its bankruptcy petition, the right is "subject to being rendered valueless by the actions" of the secured creditors. *Id.* at 847.

In this case, the parties stipulated that "the debt secured by Congress' lien on Affiliated's inventory has exceeded the value of Affiliated's inventory at all relevant times and that Congress has not been paid in full from the sale of Affiliated's inventory." (Motion for Summary Judgment, ¶ 3). Specifically, the amount owed to Congress exceeded $12 million, and the amount owed to NCB exceeded $6 million, as of the date that the Debtor's Chapter 11 petition was filed. These debts totaling in excess of $19 million were secured by the Debtor's assets, including the goods sold to the Debtor by the Plaintiff.

It appears from the record in this case that the Debtor's inventory was sold to Associated Grocers, Inc. for the approximate purchase price of $4 million during the pendency of the bankruptcy case. As set forth above, the parties agree that Congress was not paid in full from the sale of the inventory. The Plaintiff specifically concedes in its Memorandum that "the Goods have been sold and there is no value left for a lien to attach." (Plaintiff's Memorandum, p. 5). Additionally, there is no indication in this case that Congress released its lien on any of the goods subject to the Plaintiff's subordinated reclamation right.

The Court concludes that the Plaintiff's right of reclamation in this case has no value other than as a general unsecured claim. Accordingly, although the Court does not disallow the Plaintiff's right of reclamation, the Court determines that the alternative relief under § 546(c)(2) is not available in this case, and the Plaintiff is not entitled to the allowance of an administrative claim.

To support its position that it is entitled to an administrative claim in the full amount of the purchase price, the Plaintiff relies on a minority of cases which have determined that the seller's entitlement to either a lien or an administrative claim is essentially absolute once a right of reclamation is established, regardless of whether the seller would have an effective remedy under state law, and regardless of whether a lien held by the seller on the specific goods sold would be worthless under state law due to a secured creditor's superior interest. The Plaintiff cites *In re Sunstate Dairy & Food Products Company,* 145 B.R. 341 (Bankr.M.D.Fla.1992) in support of its position.

The Court concludes, however, that § 546(c) does not expand the remedies that are provided to a reclaiming seller under state law. As set forth above, the legislative history following § 546 reflects that subsection (c) is intended to recognize, not supplement, § 2–702 of the Uniform Commercial Code.

Code § 546(c) does not give a seller any greater rights than it has outside of bankruptcy; rights that have no value in

the non-bankruptcy context will similarly have no value in the bankruptcy context. [Citations omitted]. Granting a seller an administrative priority claim in bankruptcy when the right to reclaim is entirely subordinated by the rights of a superior secured creditor would be to give the seller greater rights than possessed outside of bankruptcy, and this would clearly be contrary to the concept of equal treatment of creditors under the Code.

*In re Victory Markets, Inc.*, 212 B.R. 738, 743 (Bankr.N.D.N.Y.1997). See also *In re Leeds Building Products, Inc.*, 141 B.R. 265, 269 (Bankr.N.D.Ga.1992) (" § 546 does not enhance the rights of a seller, or give value to rights that had no value outside of bankruptcy, but only protects the rights that it may have under state law.") Where a seller's right of reclamation is rendered valueless under state law because of the superior interest of a lien creditor, therefore, "there would be no basis upon which to award an administrative claim." *In re Victory Markets*, 212 B.R. at 743.

### Conclusion

The issue framed by the parties in their Motion for Summary Judgment with Respect to Complaint for Reclamation was whether the Plaintiff in this reclamation action is entitled to the alternative relief under § 546(c)(2) of the Bankruptcy Code if a creditor exists with a prior perfected security interest in the Debtor's inventory, and the secured creditor's lien exceeds the value of the inventory. The Court concludes that the Plaintiff's right of reclamation is not extinguished by the existence of the prior perfected liens on the Debtor's inventory. The Plaintiff's right of reclamation is, however, subordinate to the security interests held by Congress and NCB. Consequently, since the reclamation right is subordinate to the prior liens, and since all of the proceeds of the inventory were applied to reduce the secured claim of Congress with no surplus, the Plaintiff's right of reclamation has no value other than as a general unsecured claim. The alternative relief provided under § 546(c)(2) of the Bankruptcy Code is therefore not available in this case.

Accordingly,

**IT IS ORDERED** that:

1. The Motion for Summary Judgment with Respect to Complaint for Reclamation filed by the Plaintiff, The Quaker Oats Company, and the Debtor, Affiliated of Florida, Inc., is granted.

2. The Quaker Oats Company held a valid, subordinated right of reclamation with respect to the goods shipped to Affiliated of Florida, Inc. on April 4, 1997.

3. The alternative relief provided under § 546(c)(2) of the Bankruptcy Code is not available to The Quaker Oats Company, since its right of reclamation has no value other than as a general unsecured claim.

4. A separate Summary Final Judgment consistent with this Order will be entered in this adversary proceeding.