**In re NITRAM, INC., Debtor.**

**Bankruptcy No. 8:03–BK–1026–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 4, 2005.

Scott A. Stichter, Esquire, Stichter, Riedel, Blain & Prosser, P.A., Tampa, Florida, for Debtor, Nitram, Inc.

Albert F. Gomez, Esquire, Morse & Gomez, Tampa, Florida, for Electrical Engineering Enterprises, Inc.

Robert B. Glenn, Esquire, Glenn Rasmussen Fogarty & Hooker, P.A., Tampa, Florida, for Bank of America, N.A.

### ORDER ON RENEWED MOTION SEEKING RECLAMATION BY ELECTRICAL ENGINEERING ENTERPRISES, INC.

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Renewed Motion Seeking Reclamation filed by Electrical Engineering Enterprises, Inc.

Electrical Engineering Enterprises, Inc. (Electrical) sold certain equipment to the Debtor immediately prior to the filing of the Chapter 11 case. In the Renewed Motion Seeking Reclamation, Electrical seeks the allowance of an administrative claim in the amount of the purchase price of the equipment. The Renewed Motion was filed pursuant to § 546(c) of the Bankruptcy Code.

In response, the Debtor asserts that Electrical is not entitled to a reclamation claim under Florida law, because Electrical's right to reclaim the equipment was subject to the prior perfected security interest of Bank of America.

### Background

The Debtor was engaged in the business of producing ammonium nitrate.

On January 15, 2003, Electrical sold a transformer to the Debtor, and installed the transformer on the Debtor's property. The cost of the transformer, not including the labor to install it, was $18,000.00. (Doc. 29, Exhibit A).

On January 16, 2003, the day after the transformer was installed, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code.

On January 27, 2003, Electrical filed a Motion Seeking Reclamation in the Debtor's Chapter 11 case. (Doc. 29). In the Motion, Electrical initially requested the return of the transformer or, alternatively, the allowance of an administrative expense claim in the amount of the purchase price of the equipment. The Motion was filed pursuant to § 546(c) of the Bankruptcy Code.

The Debtor filed a written response to the Motion, and asserted that Electrical's right to reclaim the transformer was subject to a prior perfected lien held by the Bank of America. (Doc. 57).

The Bank of America also filed a written response to the Motion. (Doc. 71). In its response, the Bank of America asserted that the Debtor's operations had been fi-

nanced through a term loan from the Bank in the principal amount of $16,000,000.00, and a working capital revolving loan from the Bank in the original principal amount of $5,000,000.00. The loans were secured by a mortgage on the Debtor's real property, and also by a perfected security interest in the Debtor's inventory, equipment, receivables, instruments, fixtures, general intangibles, and proceeds thereof. Consequently, the Bank contended that "any right of reclamation asserted by Electrical is subject to the security interests of BOA and reclamation relief is improper." (Doc. 71, p. 2).

Upon the stipulation of the parties, disposition of Electrical's initial Motion Seeking Reclamation was deferred until confirmation of the Debtor's plan. (Doc. 192).

On November 26, 2003, the Court entered an Order approving the sale of substantially all of the Debtor's assets to Kinder Morgan Port Sutton Terminal and LSB Holdings, Inc. (Doc. 336). The total purchase price for the assets was $2,910,000.00.

On June 28, 2004, the Debtor filed its Amended Plan and Amended Disclosure Statement. (Docs. 485, 486). The Amended Plan provided that the Bank of America "shall receive the proceeds from the recovery of any Causes of Action or the sale of Assets encumbered by the Lien of Bank of America." (Doc. 486, p. 15). The Amended Plan also provided that holders of allowed unsecured claims would receive a cash distribution in the amount of their pro rata share of the "unsecured creditor carveout." The "unsecured creditor carveout" was defined as "the amount of $75,000 which shall fund distributions to Holders of Unsecured Claims." (Doc. 486, pp. 12, 23).

The Amended Plan was confirmed on October 25, 2004. (Doc. 570).

In its Renewed Motion Seeking Reclamation, Electrical again requests the entry of an order in its favor pursuant to § 546(c) of the Bankruptcy Code. Specifically, Electrical requested "an award of an administrative expense claim for the full amount of the cost of the transformer, a return of the transformer or such other relief as is just and appropriate." (Doc. 518, p. 2).

At the hearing on the Renewed Motion, however, Electrical limited the specific relief that it is requesting to the "alternative remedies" provided by § 546(c)(2). (Transcript, p. 5). In other words, Electrical is no longer seeking the return of the transformer. Instead, it is only requesting the allowance of an administrative expense claim for the cost of the equipment.

## Discussion

■ Electrical is seeking to enforce its rights under § 546(c) of the Bankruptcy Code as a seller of goods to the Debtor. Section 546(c) provides:

## 11 USC § 546. Limitations on avoiding powers

.          .          .          .          .

(c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods—

(A) before 10 days after receipt of such goods by the debtor; or

(B) if such 10–day period expires after the commencement of the case,

before 20 days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such demand only if the court—

(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

(B) secures such claim by a lien.

11 U.S.C. § 546(c). Generally, "Section 546(c) of the Bankruptcy Code preserves a seller's state law right to reclaim goods from a debtor in bankruptcy." *In re Crofton & Sons, Inc.*, 139 B.R. 567, 568 (Bankr. M.D.Fla.1992).

■ To reclaim goods under § 546(c), a seller must establish (1) a statutory or common law right of reclamation; (2) the debtor's insolvency at the time that it received the goods; (3) a written demand for reclamation within the time periods prescribed by the statute; and (4) the debtor's possession of the goods at the time that the demand was made. *In re Crofton & Sons, Inc.*, 139 B.R. at 568.

In this case, the Debtor does not dispute that Electrical sold the transformer to the Debtor while the Debtor was insolvent, that Electrical made a timely demand for reclamation, or that the Debtor was in possession of the transformer at the time that the demand was made. It is also undisputed that the transformer was subsequently sold during the chapter 11 case pursuant to the Order authorizing the Debtor to sell substantially all of its assets.

The sole issue in this case, therefore, is whether Electrical has a statutory or common law right of reclamation. Electrical must satisfy this criterion even though it is requesting only an administrative claim as an alternative remedy under § 546(c)(2).

Courts have consistently held that any grant of lien or priority claim under § 546(c)(2) is conditioned upon the claiming party first establishing a right to reclamation under § 546(c). Since § 546(c)(2) provides for a lien or priority claim only when the court has denied a *valid* claim of reclamation under § 546(c), establishing a § 546(c) right to reclamation is a precondition for any lien or priority claim that § 546(c) provides as an alternative remedy. (Citations omitted). One of the prerequisites for establishing a 546(c) right to reclamation is that the reclaiming party must have a common law or statutory right to reclamation.

*In re Pluma, Inc.*, 2000 WL 33673751 (Bankr.M.D.N.C.)(Emphasis in original). Since Electrical is seeking the allowance of an administrative claim as an alternative remedy under § 546(c)(2), it must first establish its right to reclamation under common law or applicable statute.

**A. The statutory right of reclamation**

■ As set forth above, the Court must award an administrative claim if it denies reclamation to a seller "with such a right of reclamation." The existence of a right of reclamation is a statutory condition to a seller's entitlement to the alternative remedies provided by § 546(c)(2). *In re Affiliated of Florida, Inc.*, 237 B.R. 495, 499 (Bankr.M.D.Fla.1998).

The Debtor contends that Electrical did not have a right to reclaim the transformer under Florida law, and that Electrical therefore is not entitled to the allowance of an administrative claim. Specifically, the Debtor contends that Electrical's claim is subordinate to the prior perfected lien held by the Bank of America on virtually all of the Debtor's assets. Since the amount of the Bank's secured claim exceeded the value of its collateral, including the transformer, the Debtor contends that Electri-

cal did not have a right to reclaim the transformer under state law, and therefore has not satisfied the conditions required for the award of an administrative claim under § 546(c)(2) of the Bankruptcy Code.

The Court has previously considered this issue in *In re Affiliated of Florida, Inc.*, 237 B.R. 495 (Bankr.M.D.Fla.1998). In *Affiliated*, the Court ultimately concluded that the seller's right of reclamation had no value other than as a general unsecured claim, and that the seller was not entitled to the allowance of an administrative claim. *In re Affiliated of Florida, Inc.*, 237 B.R. at 501.

■ In so holding, the Court first applied Florida's version of the Uniform Commercial Code to the seller's claim. Section 672.702 of the Florida Statutes provides:

**672.702. Seller's remedies on discovery of buyer's insolvency**

.    .    .    .    .

(2) Where the seller discovers that the buyer has received goods on credit while insolvent the seller may reclaim the goods upon demand made within 10 days after the receipt, . . . .

(3) *The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser under this chapter (§ 672.403).*

Fla. Stat. 672.702(Emphasis supplied). According to the statute, therefore, a seller's right of reclamation is subject to the rights of a good faith purchaser under Florida law.

■ It is well-established that a secured creditor is a "purchaser" for purposes of § 672.702 of the statute. *In re Affiliated of Florida, Inc.*, 237 B.R. at 497(quoting *In re Samuels & Co., Inc.*, 526 F.2d 1238, 1242 (5th Cir.1976)).

Consequently, the Court in *Affiliated* concluded that a seller's right of reclamation under Florida law is subject to prior perfected liens on the debtor's property. *Id.* at 498.

Having determined that a seller's right of reclamation is "subject to" prior perfected liens under Florida law, the Court in *Affiliated* next considered the impact that the existence of a prior lien would have on a seller's right to an administrative claim under § 546(c)(2) of the Bankruptcy Code. According to the Court, the issue was "(1) whether the existence of a prior perfected security interest eliminates a seller's right of reclamation, so that the statutory condition for entitlement to the alternative relief is not satisfied; or (2) whether the right of reclamation survives the prior perfected lien, even though it exists 'subject to' the lien, so that the seller retains 'such a right of reclamation' entitling it to consideration for the alternative relief under § 546(c)(2)." *Id.* at 499.

■ To resolve this issue, the Court considered the analysis of the Eighth Circuit Court of Appeals in *In re Pester Refining Company*, 964 F.2d 842 (8th Cir. 1992). Based in part on the Eighth Circuit's evaluation of § 546(c), the Court concluded that the existence of a prior perfected security interest does not necessarily extinguish a seller's right of reclamation, even though the right survives only in subordinated status to the prior lien. *In re Affiliated of Florida, Inc.*, 237 B.R. at 500(citing *In re Pester Refining Company*, 964 F.2d at 846). "As the Eighth Circuit explained in *Pester Refining*, the presence of a lien creditor does not extinguish a seller's reclamation rights; it only subordinates them to whatever rights the lien creditor possesses." *In re Houlihan's Restaurant, Inc.*, 286 B.R. 137, 140 (Bankr.W.D.Mo.2002).

■ A seller's right of reclamation is subordinate to any prior perfected liens on the property sold to the buyer. Despite its subordinated status, however, the right of reclamation continues to exist as a seller's remedy under § 672.702 of the Florida Statutes. The Court in *Affiliated* found, therefore, that the seller in that case was a seller with "such a right of reclamation" within the meaning of § 546(c)(2) of the Bankruptcy Code, and that it was therefore appropriate to consider whether the seller was entitled to the allowance of an administrative claim. *In re Affiliated of Florida, Inc.,* 237 B.R. at 500.

## B. The value of the right of reclamation

The Court has determined that Electrical is a seller with a right of reclamation under § 672.702 of the Florida Statutes. Consequently, Electrical has satisfied the threshold condition required by § 546(c)(2) for the allowance of an administrative claim. The next issue, therefore, relates to the quantification or valuation of Electrical's right of reclamation.

■ In other words, a seller is entitled to an administrative claim only to the extent by which the value of the specific goods sold exceeds the amount of the prior lien. *In re Pittsburgh–Canfield Corporation,* 309 B.R. 277, 287 (6th Cir.BAP2004).

The Court in *Affiliated* addressed the issue as follows:

> Under state law, the value of the seller's right of reclamation is dependent upon whether the prior secured creditor relies on all of the particular goods sold by the seller to satisfy its secured claim.
>
> . . . . .
>
> Even though a seller's "subordinate right of reclamation" may exist when the debtor files its bankruptcy petition, the right is "subject to being rendered val-

ueless by the actions" of the secured creditors.

*Id.* at 500–01(citing *In re Pester,* 964 F.2d at 847).

In *Affiliated,* the debtor's assets were sold during the course of the chapter 11 case, and the secured creditor's claim was not paid in full from the proceeds of the sale. *In re Affiliated,* 237 B.R. at 501.

> Consequently, since the reclamation right is subordinate to the prior liens, and since all of the proceeds of the inventory were applied to reduce the secured claim of Congress with no surplus, the Plaintiff's right of reclamation has no value other than as a general unsecured claim. The alternative relief provided under § 546(c)(2) of the Bankruptcy Code is therefore not available in this case.

*Id.* at 502. The Court concluded, therefore, that where a seller's state law reclamation rights were rendered valueless because of a prior lien, "there would be no basis upon which to award an administrative claim." *Id.*(quoting *In re Victory Markets, Inc.,* 212 B.R. 738, 743 (Bankr. N.D.N.Y.1997)).

■ The rationale for this conclusion is further explained as follows:

> Section 546(c) was not intended to grant any additional rights to creditors. Under state law, a reclaiming seller would not have been able to reclaim its goods if the goods were not worth more than the value of the floating lien, because the holder of the first lien would have asserted its rights and been entitled to all of the inventory. Therefore, such a creditor, although it has a right of reclamation, has no right to a secured or administrative claim in bankruptcy because its right of reclamation is valueless.

*In re Primary Health Systems, Inc.,* 258 B.R. 111, 117 (Bankr.D.Del.2001). See also *In re Flooring America, Inc.,* 271 B.R. 911, 920 (Bankr.N.D.Ga.2001).

According to the Court in *Affiliated,* therefore, a seller is not entitled to the allowance of an administrative claim under § 546(c)(2) of the Bankruptcy Code if the amount of a prior perfected lien exceeds the value of the debtor's assets. *In re Affiliated,* 237 B.R. at 502.

The Court's conclusion in *Affiliated* is confirmed by a recent line of decisions. See, for example, *In re Houlihan's Restaurant, Inc.,* 286 B.R. 137, 140 (Bankr. W.D.Mo.2002)(Where the goods are worth less than the amount of a floating lien, so that the seller's right to reclaim would be valueless under state law, the remedy provided by § 546(c)(2) likewise has no value.); *In re Flooring America, Inc.,* 271 B.R. 911, 920 (Bankr.N.D.Ga.2001)("The majority of cases hold that the Court cannot grant an administrative claim to a reclaiming seller when there is an undersecured floating lien on inventory."); *In re Bridge Information Systems, Inc.,* 288 B.R. 133, 138 (Bankr.E.D.Mo.2001)(If the goods subject to a reclamation claim are sold, and the proceeds are less than the secured party's claim, the seller is not entitled to an administrative claim under § 546(c)(2).); and *In re Hartz Foods, Inc.,* 264 B.R. 33, 37 (Bankr.D.Minn.2001)(A right of reclamation may have no value if a secured creditor is satisfied from the goods to be reclaimed.).

■ In this case, the Bank of America filed a secured Proof of Claim in the amount of $13,742,592.31. (Claim No. 144). During the chapter 11 case, the Debtor sold substantially all of its assets for less than $3,000,000.00. The Bank's lien exceeded the value of its collateral, including the transformer, with the result

that Electrical's right of reclamation was rendered valueless under Florida law.

The Court concludes that Electrical is not entitled to an administrative claim under § 546(c)(2) of the Bankruptcy Code because its right of reclamation has no value outside of bankruptcy. *In re Flooring America, Inc.,* 271 B.R. at 920.

## C. The "carveout"

Electrical contends that its claim falls within an exception to the majority rule discussed above, because funds were "carved out" of the sale proceeds for the payment of unsecured claims under the Debtor's plan. Electrical argues that the "carved-out" fund created value for its claim, since the fund was established to benefit creditors other than the Bank. (Transcript, p. 5).

■ Recent decisions, however, demonstrate that the creation of a fund for unsecured creditors does not, standing alone, provide "value" for reclamation claims. Instead, the creditor with the prior perfected lien must actually release the seller's goods from its lien in order to provide the value for the seller's claim.

In *In re Georgetown Steel Company, LLC,* 318 B.R. 340, 2004 WL 2861764 (Bankr.D.S.C.), for example, the Bankruptcy Court allowed a seller's administrative claim where the prior secured creditor had been paid in full and impliedly released its lien on the seller's goods. Similarly, in *In re Phar–Mor, Inc.,* 301 B.R. 482 (Bankr. N.D.Ohio 2003), the Court held that the sellers' reclamation claims had value and were not affected by the liens of the prepetition secured creditors. In *Phar–Mor,* the prepetition lender was oversecured and had been paid in full during the chapter 11 case. The Court noted:

> [I]f the buyer's secured creditor releases its security interest in the goods to be

reclaimed, the seller may enforce its right to reclaim. In the bankruptcy context, the secured creditor's decision determines the value of the seller's right to reclaim.

*In re Phar–Mor*, 301 B.R. at 497. Since the prepetition creditor's decisions were "favorable" to the sellers in *Phar–Mor*, and the prior liens were released, the sellers' reclamation claims had "value" for purposes of § 546(c).

In this case, however, the Bank of America was an undersecured creditor at the time that the Debtor filed its chapter 11 petition, and did not release its lien on the transformer. Because no residual value remained in the collateral after the partial satisfaction of the Bank's claim, no value remains to support Electrical's subordinate position. *In re Quality Stores, Inc.*, 289 B.R. 324, 335 (Bankr.W.D.Mich. 2003).

Further, it is significant that the Court in *Quality Stores* specifically noted that the secured creditor in that case had "agreed to leave sale proceeds with the estate" for the purpose of funding the debtor's plan. Because the proceeds were earmarked for unsecured creditors, however, the Court did not find that the fund constituted "residual value" in the seller's goods. Instead, the Court concluded that the seller's rights had no value, and that the seller was not entitled to an administrative claim under § 546(c)(2) of the Bankruptcy Code. *In re Quality Stores*, 289 B.R. at 335n.19, 336.

Contrary to the assertion made by Electrical, therefore, no exception to § 546(c)(2) is created in cases where funds are "carved out" from the proceeds of a sale to fund unsecured creditors under a plan.

## Conclusion

The issue in this case is whether Electrical, as a prepetition seller of a transformer to the Debtor, is entitled to an administrative claim under § 546(c)(2) of the Bankruptcy Code.

The allowance of an administrative claim under § 546(c)(2) is only available to sellers with a statutory or common law right of reclamation. Under Florida law, a seller's right of reclamation is "subject to" prior perfected liens on the debtor's assets. Where the amount of the prior liens exceed the value of the debtor's assets, however, the seller's right of reclamation is rendered valueless because the seller would not be entitled to reclaim the goods outside of bankruptcy. Since § 546(c)(2) was not intended to expand the state law rights of reclaiming sellers, a seller with a valueless right of reclamation is not entitled to an administrative claim under § 546(c)(2).

In this case, it is undisputed that the Bank of America held a prior perfected security interest in virtually all of the Debtor's assets. It is also undisputed that the amount of the Bank's lien exceeded the value of the Debtor's assets, including the transformer sold to it by Electrical. Electrical's right of reclamation has no value under Florida law, and Electrical is not entitled to the allowance of an administrative claim under § 546(c)(2) of the Bankruptcy Code.

Electrical's Renewed Motion Seeking Reclamation should be denied, and Electrical's claim should be allowed as a general unsecured claim.

Accordingly:

**IT IS ORDERED** that:

1. The Renewed Motion Seeking Reclamation filed by Electrical Engineering Enterprises, Inc. is denied.

2. The reclamation claim of Electrical Engineering Enterprises, Inc. is allowed as a general unsecured claim.