Charles E. REDMOND, Appellant,

v.

TRAILMOBILE, INC., Appellee.

No. 3917.

Court of Civil Appeals of Texas.

Eastland.

Dec. 18, 1964.

Rehearing Denied Jan. 8, 1965.

Michael W. Wagner, San Antonio, for appellant.

Matthews, Nowlin, Macfarlane & Barrett, Richard Goldsmith and P. H. Swearingen, Jr., San Antonio, for appellee.

WALTER, Justice.

Charles E. Redmond filed suit against Trailmobile, Inc. for breach of contract. Redmond alleged that on March 16, 1961, he was employed by defendant as service manager at its place of business in Birmingham, Alabama; that he was assured by the defendant that he would be so employed for at least one year; that he was to receive a salary of $500.00 per month, a commission and a profit bonus but that on September 8, 1961, defendant transferred him to San Antonio.

Defendant pleaded the statute of frauds and the two year statute of limitation. It alleged that Redmond was employed at one time as service manager but that he did not have the necessary managerial and executive ability required of a service manager.

The defendant's motion for a summary judgment was granted. The plaintiff has appealed. He contends fact issues were raised as to the dates his contract began and ended and, therefore, an issue was raised on whether or not limitation had run against his claim.

Redmond's original petition does not appear in the transcript. In his brief he says suit was filed October 17, 1962. In its brief, Trailmobile says suit was filed on October 17, 1963.

Redmond testified by deposition substantially as follows: I learned that I was going to lose my job in Birmingham at exactly 9:45 on September 8, 1961. I was told by an official of the company that they were making a change in the service department and I would be transferred to the Southwest Division. I was offered the San Antonio or the Memphis job. I liked San Antonio. I went to work in San Antonio as a shop foreman. A shop foreman works under a service manager. I worked as service manager in Birmingham and as a shop foreman in San Antonio. When I came to San Antonio I knew I was coming to an inferior job. I knew that I would not receive a profit bonus or sales override as a shop foreman. I knew that I would have less authority than I would have as service manager. Redmond's deposition was taken December 10, 1963.

In his affidavit in answer to Trailmobile's motion for summary judgment, which affidavit was sworn to on January 21, 1964, he states that he went to work for Trailmobile under an oral agreement in Birmingham on the 16th day of March 1961. He further testified in his affidavit as follows:

·"After I took over as Service Manager in said office Mr. McDowell wholly and completely refused to cooperate with me, would countermand my orders to the employees working under me and would not discuss the condition of the shop with me, and in all things sought to have me ousted from said position, which, through no fault of my own he succeeded in doing on or about the 8th day of September, 1961, when he advised me that I would be transferred from the Birmingham office."

"That on or about the 16th day of March, 1961, plaintiff was employed as Service Manager in the Birmingham, Alabama, office of defendant; that one R. W. McDowell was the Manager of said office, and by his promises he did assure plaintiff that he would be employed in such capacity for at least one year, * * *"

**542**

"That on or about the 8th day of September, A.D.1961, defendant transferred plaintiff from Birmingham, Alabama, to San Antonio, Texas."

The record conclusively shows that Redmond's cause of action accrued on September 8, 1961. If suit was filed on October 17, 1963, as contended by Trailmobile and as found by the court, his cause of action, if he ever had one, was barred by the two year statute of limitation. For the purposes of this opinion we will assume that Redmond's petition was filed on October 17, 1963, as found by the trial court. The burden is upon the appellant to show by the record that the trial court has committed error.

We have considered appellant's point and find no merit in it. It is overruled.

The judgment is affirmed.