**Martin JOHNSON, Appellant,**

v.

**Jimmy WALKER, d/b/a American Service Underwriters, Appellee.**

**No. 2–91–070–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 23, 1991.

Rehearing Overruled Nov. 26, 1991.

Publication Ordered Jan. 16, 1992.

Bliss & Hughes, Jerry L. Hughes, Dallas, for appellant.

Bourland & Kirkman, William L. Kirkman, Elizabeth Fletcher Rogers, Fort Worth, for appellee Jimmy K. Walker.

Brown Herman Scott Dean & Miles, John W. Proctor, Douglas F. Austin Weeks, Fort Worth, for appellee American Service Underwriters.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

DAY, Justice.

This is an appeal from the grant of a summary judgment to plaintiff Jimmy Walker, d/b/a American Service Underwriters (hereinafter Walker or appellee). Johnson brings three points of error, alleging that his claim was not barred by the applicable statute of limitations and that he was a "consumer" as that term is defined by the Texas Deceptive Trade Practices Act. We affirm.

In 1984 Johnson began selling insurance for Jimmy Walker's sole proprietorship pursuant to a General Agent's Contract executed May 28, 1984 and amended August 1, 1984. This contract provides for Walker to pay Johnson commissions for renewals of insurance policies which Johnson originated. In 1986, a dispute between the parties led Walker to file suit for a declaratory judgment to determine the rights of the parties to the contract. On January 17, 1989, Johnson filed a counterclaim, alleging fraud, breaches of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, breach

of fiduciary duty, breach of contract and to pierce the corporate veil under an alter ego theory. On September 19, 1989, Walker answered alleging the affirmative defense of the statute of limitations, that Walker was not liable to Johnson in the capacity in which he was sued, and that Johnson is not a "consumer" as defined by the Texas Deceptive Trade Practices Act. Two days later, Walker moved for summary judgment. On November 16, 1990, the trial court granted Walker partial summary judgment, based on all Johnson's claims *except* his breach of contract claim. The trial court ordered Johnson to replead his breach of contract claim to allow the court to more fully consider this claim to determine if it too was barred by limitations. As Johnson failed to replead, on January 7, 1991, the trial court entered its amended final judgment disposing of all of Johnson's claims, and further disposing of all collateral issues.

■ In a summary judgment case, the issue on appeal is whether the movant met his burden for obtaining summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against the movant. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *Id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex. 1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any existing doubts must be resolved in the non-movant's favor. *Montgomery*, 669 S.W.2d at 311. The summary judgment will be affirmed

only if the record on appeal establishes that the movant has conclusively proved all essential elements of the cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

In his first point of error, Johnson alleges that the trial judge erred in granting the summary judgment because his breach of contract claims were not barred by limitations. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986). The central dispute is over which event served to finally breach the contract and give rise to Johnson's cause of action. Walker claims that Johnson's deposition testimony (in which he testified that Walker told him that override payments would not be forthcoming in September 1984) shows that the contract was breached in September 1984. Johnson argues that according to Walker's deposition testimony, there was no breach until Walker sent the contract termination letter on August 21, 1985, after an alleged partial breach on March 8, 1985. The deposition testimony relied on by Johnson is not part of the transcript and was not attached to Johnson's response to the summary judgment motion, although Johnson's testimony relied on by Walker is part of the appellate record.

■ An appellant has the burden to bring forward a record sufficient to show that the judgment below is erroneous. *Forestpark Enter., Inc. v. Culpepper*, 754 S.W.2d 775, 778 (Tex.App.—Fort Worth 1988, writ denied). When the record on appeal is incomplete, it is presumed that the omitted evidence establishes the correctness of the judgment. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex.1990); *Hassell v. New England Mut. Life Ins. Co.*, 506 S.W.2d 727 (Tex.Civ. App.—Waco 1974, writ ref'd). Johnson has not designated the deposition testimony that he relies upon in his response. Further, the affidavit of Johnson purportedly attached to his response to Walker's motion for summary judgment is not, in fact, part of the record. The record is unclear as to whether any evidence contrary to the summary judgment exists. Therefore, we must assume that the trial judge con-

sidered the evidence that was properly before him, and we determine that the record supports Walker's contention that the initial breach occurred in September 1984. There is no evidence in the appellate record to show that a fact issue was raised as to the date of the breach. *See also* TEX. R.APP.P. 50(d). Johnson's first point of error is overruled.

Johnson further claims that the contract in question can be described as a suit on an open account, because the contract payments were to be made monthly. Johnson claims that there is no difference between the breach of an open account-type contract and the breach of a periodic duty of payment under a single indivisible contract. We disagree, and hold that the contract in this case falls into the second category.

■■■ The divisible or indivisible nature of a contract cannot be ascertained by any one test or rule of law. Determination of the issue depends primarily on the intention of the parties, the subject matter of the agreement, and the conduct of the parties. *Chapman v. Tyler Bank & Trust Co.*, 396 S.W.2d 143, 146–47 (Tex.Civ. App.—Tyler 1965, writ ref'd n.r.e.). If there is a single assent to a whole transaction involving several things, a contract is entire, but if there is a separate assent to each of the several things involved, it is divisible. *St. John v. Barker*, 638 S.W.2d 239, 243 (Tex.App.—Amarillo 1982), *aff'd*, 645 S.W.2d 261 (Tex.1983). The fact that a party may not immediately be able to determine the total amount of damages it may suffer does not toll the statute of limitations. *Wichita Nat'l. Bank v. United States Fidelity & Guar. Co.*, 147 S.W.2d 295, 297 (Tex.Civ.App.—Fort Worth 1941, no writ). The mere fact that there is a contract rate of payment specified per each unit of performance does not make the contract divisible. *Coon v. Schoeneman*, 476 S.W.2d 439, 440 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

■■■ A contract is divisible when the performance by one party consists of several distinct and separate items and the price paid by the other party is apportioned to each item. The contract in question is

an agency contract whereby Johnson was to market Walker's insurance policies. It is similar in nature to an employment contract where an employee receives commissions for each sale. In such a contract, a breach occurs when an employee is terminated or demoted, not when the formal letter of termination is received. *Redmond v. Trailmobile, Inc.*, 385 S.W.2d 540, 541 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.). Since the agent's contract in the present case contemplated agreement to the entire bundle of rights and duties included therein, it is not divisible, and Johnson's claim fails.

Even if this contract were divisible, there is no summary judgment evidence in the record which supports this contention, and we must assume that any such evidence supports the judgment of the trial court.

■■■ Johnson next complains that the summary judgment was improper because he was a "consumer" as defined in the Texas Deceptive Trade Practices Act (D.T.P.A.). The question of whether a plaintiff is a consumer under the D.T.P.A. is a question of law to be determined by the court. *Reed v. Israel Nat'l Oil Co.*, 681 S.W.2d 228, 230 (Tex.App.—Houston [1st. Dist.] 1984, no writ).

■■■ The D.T.P.A. defines consumer as "an individual who seeks or acquires by purchase or lease, any goods or services." TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987). Johnson did not contract with Walker to purchase goods or services. He sought to be Walker's agent in selling insurance policies. This is most closely akin to employment contracts, and no case has ever held employees are "consumers" under employment contracts. Johnson alleges that he sought to purchase leads (i.e., names of potential policyholders) as part of the agent's contract. However, this is more closely akin to a salesman using an employer's premises or advertising to attract potential clients, not a consumer buying goods or services. Johnson's points of error two and three are overruled.

The judgment of the trial court is affirmed.