In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-99-035 CV


____________________



MICHAEL L. CLARK, Appellant



V.



HUGO E. PIMIENTA, MARIA ANTONIETA SILVA DE PIMIENTA,


INTERAMERICAS INVESTORS, INC., INTERAMERICAS 


INVESTMENTS, LTD., INTERAMERICAS INVESTMENTS, INC.,


FAMVAL, LTD., MICHAEL L. RIDDLE, RIDDLE & BROWN, P.C.,


IRA MIDDLEBERG, and MIDDLEBERG, RIDDLE & GIANNA, Appellees






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 93-0802391-CV






O P I N I O N


 This appeal arises from three orders by the trial court granting summary judgment. 
First, the trial court granted summary judgment in favor of the Law Firm defendants on
October 16, 1995. Subsequently, on April 11, 1996, the trial court granted partial
summary judgment in favor of the Interamericas Corporate defendants and the Pimienta
defendants. Finally, on October 26, 1998, summary judgment was granted in favor of the
Pimienta defendants on all issues. We address each judgment in turn to determine whether
the trial court erred.

JUDGMENT OF OCTOBER 16, 1995


 The first judgment was granted in favor of Michael Riddle, Riddle & Brown, P.C.,
Ira Middleberg, and Middleberg, Riddle & Gianna (MR&G) (collectively the Law Firm
defendants). The sole remaining cause of action Clark asserts is against Michael Riddle,
Ira Middleberg, and MR&G for negligence. Clark alleges Ira Middleberg negligently
failed to advise him that MR&G did not represent him. 

 Even in the absence of an attorney-client relationship, an attorney may
be held negligent for failing to advise a party that he is not representing the
party. Kotzur v. Kelly, 791 S.W.2d 254, 258 (Tex.App.--Corpus Christi
1990); Parker v. Carnahan, 772 S.W.2d at 157. Generally such negligence
cannot be established in the absence of evidence that the attorney knew the
party had assumed that he was representing them in a matter. See Dillard
v. Broyles, 633 S.W.2d 636, 643 (Tex.App.--Corpus Christi 1982, writ ref'd
n.r.e.), cert. denied, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389
(1983). If circumstances lead a party to believe that they are represented by
an attorney, however, the attorney may be held negligent for failing to
advise that party of the attorney's non-representation. E.F. Hutton v.
Brown, 305 F.Supp. at 396; Parker v. Carnahan, 772 S.W.2d at 157; Rice
v. Forestier, 415 S.W.2d 711, 713 (Tex.Civ.App.--San Antonio 1967, writ
ref'd n.r.e.). The factfinder must determine whether the attorney was aware
or should have been aware that his conduct would have led a reasonable
person to believe that the attorney was representing that person. Parker v.
Carnahan, 772 S.W.2d at 157.


Burnap v. Linnartz, 914 S.W.2d 142, 148-49 (Tex. App.--San Antonio 1995, writ denied). 
Clark points to the following facts as establishing that his belief he was being represented
by MR&G was reasonable: (1) at the first meeting, MR&G was aware he had a right to
purchase 37 ½ % of Bradford from Pimienta; (2) he relied on Middleberg's advice that
the quickest way to gain approval from the Louisiana Department of Insurance (LDI) was
to have Pimienta named as the sole acquiring party on the Form A application; and (3) he
believed it was fully understood that MR&G was also representing him. Even though we
are to indulge every reasonable inference and resolve any doubts in Clark's favor,
subsequent circumstances operated to dispel any belief Clark may have held as to MR&G's
protection of his interests. See Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d
546, 549 (Tex. 1985)

 On March 25, 1992, Clark and Hugo Pimienta met with MR&G at their offices in
New Orleans, Louisiana. Upon review, MR&G concluded Clark could not obtain Form
A approval from the LDI. Pimienta was so advised and the application process continued
without a contemplated ownership for Clark. According to Middleberg, Clark was aware
of the decision because he participated in the discussions, and was a contact person
between MR&G and Pimienta on many of the details relating to the Bradford transaction.
According to Riddle, all of the firm's contacts with Clark were in connection with his role
as Pimienta's employee. On April 17, 1992, written confirmation that MR&G was
representing Pimienta (and his wife) was sent. Clark was "very involved" in the filing a
Form A application listing Pimienta as the only owner of Bradford. 

 Clark was asked to review all of the statements from MR&G addressed to Pimienta
and approve them for payment. In June of 1992, Clark retained his own attorney to
represent his interests in negotiating the terms of an agreement with Pimienta. The
Bradford closing did not occur until November of that year. 

 Accordingly, we find appellees established as a matter of law that under the
circumstances, a reasonable person would not have been led to believe that he was being
represented by MR&G. The order of the trial court granting summary judgment in favor
of the Law Firm defendants is AFFIRMED.

 JUDGMENT OF APRIL 11, 1996


 The second judgment was granted in favor of Hugo E. Pimienta and his wife Maria
Antonieta Silva de Pimienta (the Pimienta defendants), and Interamericas Investments,
Inc., Interamericas Investors, Inc.; Interamericas Investments, Ltd., and Famval, Ltd. (the
Interamericas Corporate defendants). Neither the Pimienta defendants (1) nor the
Interamericas Corporate defendants filed a brief in this case.

 On appeal, Clark argues that two of his causes of action against the Interamericas
Corporate defendants and six of his claims against the Pimienta defendants survive
summary judgment because they were not addressed in the Second Amended Motion for
Partial Summary Judgment filed by the Pimienta defendants and the Interamericas
Corporate defendants. The two claims against the Interamericas Corporate defendants that
Clark contends survived summary judgment are: (1) breach of contract, and (2) quantum
meruit. The causes of action Clark contends he still has against the Pimienta defendants
are: (1) breach of contract, (2) quantum meruit, (3) promissory estoppel, (4) breach of
partnership/joint venture agreement, (5) breach of fiduciary duty and/or duty of good faith
and fair dealing, (6) and the existence of an express, implied, constructive or resulting
trust. 

 In his Third Amended Petition, Clark asserted claims based on the American Mid-States Life Insurance Company (AMS) Transaction and the Provident Bank Transactions. 
It is not apparent that the Second Amended Motion for Partial Summary Judgment filed
by the Pimienta defendants and the Interamericas Corporate defendants moved for
summary judgment on Clark's claims regarding these transactions. The trial court could
not properly grant summary judgment on issues not presented in the motion for partial
summary judgment. See City of Midland v. O'Bryant, 18 S.W.3d 209, 218 (Tex. 2000). 
Accordingly, we must reverse the trial court's order granting partial summary judgment
with respect to the Provident Bank and AMS Transactions. 

JUDGMENT OF OCTOBER 26, 1998


 The last judgment was granted in favor of the Pimienta defendants on all of Clark's
remaining claims against them. These involved the Bradford Transaction. The Pimienta
defendants moved for summary judgment on several grounds, the first being that there was
no contract between Clark and Hugo Pimienta because the parties did not agree on the
essential terms of the contract. On appeal, Clark appears to concede the agreement
regarding the financing of his purchase of Bradford stock is too indefinite to enforce, but
argues the agreement for him to purchase 37 ½ % of Bradford in exchange for 37 ½ %
of Pimienta's acquisition costs was not. Clark claims the contract concerning the terms
of financing is divisible from the contract concerning the purchase. Clark makes no
references to the record but directs this court to an earlier argument in his brief addressing
a similar contention made by the Law Firm defendants. There, Clark references testimony
to the effect that Pimienta agreed to sell Clark 37 ½ % of the Bradford stock. Pimienta
also testified that he agreed to finance Clark's purchase of the stock, subject to his being
approved by the LDI and offering collateral, other than the Bradford stock, agreeable to
Pimienta. 

 Attached to Pimienta's Final Motion for Summary Judgment is testimony by Clark
that the essential terms of the agreement were in dispute. His testimony reflects that both
parties' lawyers prepared prospective drafts and circulated them but none were executed
as no agreement could be reached. None of the evidence referred to by Clark counters this
testimony.

 The divisible or indivisible nature of a contract cannot be ascertained
by any one test or rule of law. Determination of the issue depends primarily
on the intention of the parties, the subject matter of the agreement, and the
conduct of the parties. If there is a single assent to a whole transaction
involving several things, a contract is entire, but if there is a separate assent
to each of the several things involved, it is divisible. . . .


Johnson v. Walker, 824 S.W.2d 184, 187 (Tex. App.--Fort Worth 1991, writ
denied)(citations omitted). Clark fails to refer this court to any summary judgment
evidence in the record supporting his contention the contract was divisible. Accordingly,
we find Clark failed to raise a material issue of fact on Pimienta's assertion that any
contract was too indefinite to be enforceable. Thus the trial court did not err in granting
summary judgment in favor of Pimienta on Clark's claim for breach of contract. As
Clark's remaining claims (2) against Pimienta derive from the alleged contract, we find the
trial court did not err in granting summary judgment in favor of Pimienta on all causes
arising from the Bradford Transaction.

 For all of the above reasons, the trial court's judgments of October 16, 1995, and
October 26, 1998, are affirmed. The trial court's judgment of April 11, 1996, is reversed
and remanded only as to the claims arising from the AMS Transaction and the Provident
Bank Transactions.

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.





 DON BURGESS

 Justice

Submitted on October 17, 2002

Opinion Delivered November 21, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. In oral argument, counsel for Clark asserted no relief was being sought as to Maria
Antonieta Silva de Pimienta. However, the record does not affirmatively reflect her
dismissal from this cause.
2. These claims are enumerated as: (1) specific performance, (2) promissory
estoppel, (3) quantum meruit, (4) partnership, (5) joint venture, (6) breach of the duty of
good faith and fair dealing, (7) conversion, (8) resulting, express, implied, or constructive
trust, and (9) fraud.