Affirmed and Memorandum Opinion filed February 2, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01030-CV

___________________

 

Bader Malallah, Appellant

 

V.

 

Noble Logistic Services, Inc. f/k/a Dedicated
Services, Inc. and SRS Texas Holdings, LLC, Appellees



 



 

On
Appeal from the 55th District Court

Harris County,
Texas



Trial Court Cause No. 2005-16364

 



 

 

MEMORANDUM  OPINION

            In this employment contract case, appellant Bader
Malallah asks us to reverse the trial court’s judgment that his claim is time-barred.
 He argues alternatively that (a) his employment could not be terminated
without cause absent written notice, or (b) a cause of action accrued each time
his employer failed to pay his wages after his termination.  Because the first
premise cannot be found in or implied from the contract, and the second premise
is inconsistent with well-established case law, we affirm.

I.  Factual
and Procedural Background

            Appellant
Bader Malallah entered into a three-year employment contract with Dedicated
Services, Inc., n/k/a Noble Logistic Services, Inc. (“Noble”), dated February
1, 1999.  In March 2001, Noble terminated Malallah’s employment, and on March
9, 2005, Malallah sued Noble and related entities for breach of contract. 
Noble defended the case on two grounds.  First, Noble argued that it fired
Malallah for cause under section 8.01 of the contract, in which the parties
agreed that Noble “may terminate employee without notice” for certain
enumerated acts or omissions.  Second, Noble argued that the case was barred by
the four-year statute of limitations.[1]
  

The case was tried to a
jury who found that Malallah was not fired for cause but also found that
Malallah was fired on March 2, 2001.  On appeal, Malallah focuses on the jury’s
answers to the following three questions:  

Question No. 1:        “Did
Noble terminate Mr. Malallah for a reason listed in Section 8.01 of the
Contract?”  

Answer:                     “No.”[[2]]   

Question No. 3:        “On
what date did Noble unequivocally notify Mr. Malallah that it was terminating
his employment before the expiration of the contract term?”  

Answer:                     “March 2nd, 2001.”   

Question No. 3A:     “On what date did Noble terminate Mr.
Malallah?”  

Answer:                     “March
2nd, 2001.”

            Malallah
moved the trial court to disregard the jury’s answers to Question Nos. 3 and 3A,
arguing that these answers were immaterial in light of the jury’s answer to
Question No. 1.  The trial court rendered judgment in Noble’s favor, and
expressly stated in its judgment, “Based upon the jury’s answers to Questions 3
and 3A, the Plaintiff’s claims are barred by the statute of limitations.”  Malallah
also filed motions for new trial and to modify the judgment; in the latter
motion, Malallah reasserted his argument that the jury’s answers to questions 3
and 3A were immaterial.  The trial court expressly denied these motions.

II.  Issues
Presented

            In
his first issue, Malallah argues that his claims are not barred by the statute
of limitations, and thus, the trial court erred in rendering judgment in Noble’s
favor.  In his second issue, he contends the trial court erred in failing to
award him full contract damages and attorneys’ fees.  

III.  Standard
of Review

            A
trial court may disregard a jury finding only if there is no evidence to
support the finding or if the issue is immaterial.  Spencer v. Eagle Star
Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994); Hall v. Hubco, Inc.,
292 S.W.3d 22, 27 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  Malallah
concedes there is evidence to support the findings. Thus, the only issue is
whether the jury findings were immaterial.  A question is immaterial when it
should not have been submitted or calls for a finding beyond the jury’s
province, such as a question of law.  Se. Pipe Line Co. v. Tichacek¸ 997
S.W.2d 166, 172 (Tex. 1999).  In addition, a properly-submitted question can be
rendered immaterial by other findings.  Id.; Salinas v. Rafati, 948
S.W.2d 286, 288 (Tex. 1997).  

IV.  Analysis

            In
his appellate brief, Malallah concedes that Noble informed him on March 2, 2001
that his employment was terminated.  He argues that his breach-of-contract
claim is not time-barred and the jury’s findings on these issues are immaterial
because Noble was required to provide written notice that it was terminating
him without cause, and thus, his breach-of-contract claim did not accrue before
March 16, 2001, when his termination was memorialized in writing.  He
additionally argues that a “trailing period” applies to this employment
contract, such that a new breach-of-contract claim accrued each time Noble
failed to pay Malallah wages that, but for his termination, would have been due.

A.        No
“Written Notice” Requirement

            Although
the contract does not expressly require Noble to provide written notice of
termination without cause, Malallah infers that because the parties agreed he
could be terminated for cause without notice, he could be terminated without
cause only with notice.  By applying the contract’s notice provision to this
implied requirement, he reasons that notice of termination without cause must
be in writing because the parties agreed in section 9.01 of the contract that
“[a]ll notices or other communications required under this [contract] may be
effected either by personal delivery in writing or by certified mail, return
receipt requested.”  Finally, he relies on the provision that “[n]otice shall
be deemed to have been given when delivered or mailed” to argue that his
termination was not effective before March 16, 2001, when his termination was
memorialized in writing.  He concludes that because the jury found he was not
terminated for any reason stated in section 8.01, his breach-of-contract claim
did not accrue until March 16, 2001, and therefore his claim, filed on March 9,
2005, is not time-barred.

            The
contract sets forth only four circumstances in which the parties agreed that written
communication is required.  First, the written approval of certain individuals
was required for Malallah to bind Noble.  Second, Malallah agreed that he would
not provide business or professional services to anyone other than Noble
without Noble’s prior written consent.  Third, Noble agreed not to assign its
rights under the contract without Malallah’s written consent.  Fourth, the
parties agreed that Malallah could terminate the contract for cause by
providing thirty days’ written notice, or could terminate the contract without
cause by providing sixty days’ written notice.  Significantly, the contract
contains no parallel provision requiring or permitting Noble to terminate
Malallah without cause by providing written notice.  

            An
unambiguous contract will be enforced as written.  David J. Sacks, P.C. v
Haden, 266 S.W. 3d 447, 450 (Tex. 2008) (per curiam).  “If the parties have
expressly stated the terms of their agreement, they have created an express
contract and are bound by it to the exclusion of conflicting implied terms.”  Emmer
v. Phillips Petroleum Co., 668 S.W. 2d 487, 490 (Tex. App.—Amarillo 1984,
no writ).  The contract does not contain a written notice
requirement.  There is no reason to imply one.  We therefore must reject
Malallah’s first argument. 

B.        No
“Trailing Period” for Breach of a Term Employment Contract

            Malallah
next contends that a “trailing period” applies to this employment contract such
that, after his termination, a new breach-of-contract claim accrued every time
Noble allowed a previously-scheduled payday to pass without compensating him.  He
argues that “[a]ppellees did not breach the Contract until they failed to do
what they promised—pay Dr. Malallah fixed monthly payments.”  But in his
pleadings, Malallah alleged only that “Defendants breached the employment
contract with Plaintiff by terminating his employment prior to the expiration
of three years.”  The jury found that Noble terminated Malallah on March 2,
2001, and Malallah does not challenge this finding.  

            An
employee under a term contract who is terminated before the end of the contract
is entitled to damages and not wages.  The breach arises when he is terminated,
and a cause of action immediately accrues.  Dixie Glass Co. v. Pollack,
341 S.W. 2d 530, 538–540 (Tex. Civ. App.—Houston 1960), writ ref’d per
curiam, 347 S.W. 2d 596 (Tex. 1961).  The employee is entitled to sue for
damages for the full term of the contract and is not limited to the date of the
trial.  Id.  The measure of damages is the present cash value of the
contract less any amounts that he could have earned using reasonable diligence.
 La Marque Indep. Sch. Dist. v. Thompson, 580 S.W. 2d 670, 673 (Tex.
App.—Houston [14th Dist.] 1979, no writ).  An employment agreement calling for
semi-monthly payments does not change this rule and does not create a cause of
action for each missed payment.  Johnson v. Walker, 824 S.W.2d 184, 187 (Tex.
App.—Fort Worth 1991, writ denied).  The “trailing period” cases Malallah cites
do not discuss a breach of a term employment agreement and do not apply here.[3]  

V.  Conclusion

            Malallah’s
arguments do not demonstrate that the challenged findings by the jury are
immaterial.  To the contrary, those findings, together with the express terms
of the contract, dictated the result reached by the trial court.  We therefore
conclude that the trial court did not err in refusing to disregard these
findings or in holding Malallah’s claim to be time-barred.  We overrule
Malallah’s first issue and affirm the trial court’s judgment.[4]  

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

 









[1] Suit on a
breach-of-contract claim generally must be filed within four years from the
date the cause of action accrues.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 2008).





[2] This jury question
reverses the burden of proof on the termination.





[3] See, e.g., Barker
v. Eckman, 213 S.W.3d 306, 309–11 (Tex. 2006) (multiple breaches of
bailment agreement to periodically forward proceeds from collection and sale of
bull semen); F.D. Stella Prods. Co. v. Scott, 875 S.W.2d 462, 465 (Tex.
App.—Austin 1994, no writ) (breach of equipment lease requiring fixed, periodic
payments); Hollander v. Capon, 853 S.W.2d 723, 726 (Tex. App.—Houston
[1st Dist.] 1993, writ denied) (breach of continuing obligation to pay periodic
child support); Townewest Homeowners Ass’n, Inc. v. Warner Commc’n Inc.,
826 S.W.2d 638, 640 (Tex. App.—Houston [14th Dist.] 1992, no writ) (breach of
contract requiring quarterly payments of percentage of gross receipts from each
of appellant’s subdivisions in which appellee was allowed to install cable
television equipment); Intermedics, Inc. v. Grady, 683 S.W.2d 842,
845–47 (Tex. App.—Houston [1st Dist.] 1984, writ ref’d n.r.e.) (breach of
agreement to provide employee with stock was not time-barred where employee
brought suit less than two years after demand was first unequivocally refused).






[4] In light of our
disposition of Malallah’s first issue, we do not reach his second issue.  See
Tex. R. App. P. 47.1.